UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOMINIQUE WATSON, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:23-cv-01670-BAH |

### DEFENDANTS DISTRICT OF COLUMBIA AND THOMAS FAUST'S RESPONSE TO PLAINTIFF'S REQUEST FOR EARLY DISCOVERY

Without conferring with Defendants as required by LCvR 7(m), on September 7, 2023, Plaintiff moved for leave to late serve Defendant "Officer Akaie" and for early discovery to determine his or her identity. Pl.'s Mot., ECF No. 19. The Court granted Plaintiff a 30-day extension to serve Defendant Akaie and ordered Defendants District of Columbia and Thomas Faust to provide their position on Plaintiff's request for "limited discovery" to "ascertain the identity of Officer Akaie." Sept. 12, 2023 Min. Or.[1]

Without any citation in support of her request, or details specifying her "diligent efforts," Plaintiff seeks early discovery to determine the identify of a specific officer and his/her present whereabouts. Pl.'s Mot. ¶ 3. According to Plaintiff's Complaint, Officer Akaie is a guard at the jail who, on an unspecified date, "encouraged Mr. Love to kill himself, and did nothing to mitigate the effect this of this comment[.]" Compl. ¶¶ 6, 32, ECF No. 1. According to Plaintiff, she requires an employee roster to determine the identity of this correctional officer. Pl.'s Mot. ¶

---

[1] Plaintiff initially requested Defendants stipulate to early discovery for Mr. Love's medical records and inmate file. Defendants conditioned their participation on entry of a protective order that would govern the entire litigation. Plaintiff refused to consent to Defendants' standard protective order language, and thus early discovery has not gone forward.

5. But DOC has confirmed that no employee with the first or last name "Akaie" worked at the jail in June 2022 (or ever). Thus, providing an employee roster of the roughly 1,000 employees will not uncover this defendant's identity. Neither Plaintiff's Motion nor her Complaint shed light on what steps she took to identify this employee, where the name "Akaie" came from, or any other identifying characteristics. Without further information, Defendants cannot assist.

Plaintiff's Complaint also names "Defendant John Does" who "are responsible in some manner for the misconduct." Compl. ¶ 8. Because Plaintiff has not actually identified the defendant, "Officer Akaie" should be no different than the other John Doe Defendants that are identified during the normal course of discovery.

Date: September 18, 2023                    Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Alicia M. Cullen*
ALICIA M. CULLEN [1015227]
Chief, Civil Litigation Division, Section III

*/s/ Katrina Seeman*
ROBERT A. DEBERARDINIS, JR. [335976]
Senior Assistant Attorney General
KATRINA SEEMAN [1671729]
Assistant Attorney General
Civil Litigation Division
400 6th Street NW
Washington, D.C. 20001
Phone: 202-724-6642; 202-724-6607
Fax: 202-741-8895; 202-724-5917
Email: robert.deberardinis@dc.gov;
katrina.seeman@dc.gov
*Counsel for Defendants District of Columbia and Thomas Faust*