UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DOMINIQUE WATSON, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | Civil Action No. 1:23-cv-01670-BAH |
| | ) | |
| *Defendants*. | ) | |

**DEFENDANT UNITY HEALTH CARE, INC.'S PARTIAL OPPOSITION TO
PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

On September 23, 2023, without conferring with Defendants as required by LCvR 7(m), Plaintiffs moved for entry of a temporary protective order. Pls.' Mot. to Enter Temporary Protective Order, ECF No. 23. On October 6, 2023, Defendants District of Columbia and Thomas Faust (hereinafter, "District Defendants") filed a response asking this Court to deny Plaintiffs' motion in part and to instead "enter Exhibit A [of the District Defendants' response] as the Protective Order governing this litigation." District Defendants' Partial Opp'n to Pls.' Mot. for Protective Order at 5, ECF No. 25.

Defendant Unity Health Care, Inc. ("Unity") agrees with the arguments set forth in the District Defendants' Opposition. For that reason, Unity likewise agrees that this Court should—after correcting two typos to accurately reflect the parties' agreed-upon language—adopt District Defendants' Exhibit A as the Protective Order governing this litigation. Specifically, Paragraph 30 of the Protective Order should read: "Nothing in this Protective Order shall be construed as limiting or restricting Unity Health Care, Inc.'s (Unity's) use of its own CONFIDENTIAL INFORMATION for any purpose or as requiring Unity employees to sign an acknowledgement

prior to obtaining such information or from treating CONFIDENTIAL INFORMATION

acquired during treatment of Unity's patients in a manner permitted by federal and state law."[1]

## ARGUMENT

### I.       Plaintiffs Failed To Comply With LCvR 7(m), Which Would Result In Prejudice To Unity If Plaintiffs' Proposed Protective Order Takes Effect

Prior to filing the instant motion, Plaintiffs were required to confer with Defendants

"discuss the anticipated motion with [Defendants'] counsel in a good-faith effort to determine

whether there is any opposition to the relief sought and, if there is, to narrow the areas of

disagreement." LCvR 7(m) (applying requirement to "any nondispositive motion in a civil

action"). Plaintiffs failed to do, or to provide any explanation for that failure. Indeed, Unity

received no prior notice that Plaintiffs intended to file this motion. As a result, Unity was

deprived of an opportunity to request that Plaintiffs' proposed temporary protective order reflect,

at minimum, language previously agreed to by all parties.

Plaintiffs assert that "[t]here will be zero prejudice to the defendants" if Plaintiffs'

proposed temporary protective order takes effect. Mot. at 3. Not so. As the District Defendants'

Opposition correctly notes, the parties previously agreed that certain language (reflected at

Paragraph 30 of District Defs.' Opp'n, Ex. A) should be included in the protective order. District

Defs.' Opp'n at 2. Unity proposed that language to avoid any potential ambiguity and ensure that

the protective order explicitly does not restrict Unity's ability to use its own confidential

information or patient information (acquired during treatment of patients). Without that explicit

---

[1] Paragraph 30 currently reads as ". . . or as requiring Unity employees to sign an **acknoledgement** prior to **botaining** such information . . ." District Defendants' Opp'n, Ex. A at ¶ 30 (emphasis added). Plaintiffs' omission of this paragraph, and the need to correct this typo, illustrates why it was incumbent on Plaintiffs to confer with Defendants "to narrow the areas of disagreement" prior to filing the instant motion. *See* LCvR 7(m).

language, there may be some doubt as to Unity's ability to use its own information or patient information in connection with its operations and provision of medical services, hindering Unity's appropriate use of such information. The lack of this (agreed-to) protection would be prejudicial to Unity. Therefore, Unity opposes any version of the protective order, temporary or permanent, that does not include that language.[2]

## II.    Plaintiffs' Objections Do Not Justify Creating Two Separate Protective Orders

Regarding Plaintiffs' objections, Unity agrees with the arguments raised in the District Defendants' Opposition and will not repeat those arguments here. In addition to the District Defendants' observations, Unity notes Plaintiffs' assertion "that the precise contours of any protective order governing the entire case are best left for the Rule 26(f) conference, as normally occurs . . . [because] it is at the Rule 26(f) conference *that the parties are discussing discovery* in the case in practical terms." Mot. at 3 (emphasis added). Plaintiffs seek early discovery here, *see* Mot. at 2, but offer no explanation as to why different phases of discovery should proceed according to different rules—*i.e.*, two separate protective orders.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' motion in part and enter Exhibit A of the District Defendants' Opposition (with a corrected Paragraph 30) as the Protective Order governing this litigation.

---

[2] During the parties' discussions regarding the protective order, Plaintiffs requested that the order include similar language regarding Plaintiffs' use of Plaintiffs' own confidential information. Unity has no objection to the inclusion of such language generally (with the caveat that Unity would need to see such proposed language before fully consenting).

Date:  October 10, 2023

Respectfully submitted,

Feldesman Tucker Leifer Fidell LLP

By: /s/ *Brendan M. Tyler*_____
Brendan M. Tyler
D.C. Bar No. 1672687
Feldesman Tucker Leifer Fidell LLP
1129 20th Street, N.W., 4th Floor
Washington, DC 20036

Phone: (202) 466-8960
Fax:    (202) 293-8103
Email: btyler@ftlf.com

*Attorney for Unity*