UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOMINIQUE WATSON,<br><br>      Plaintiff,<br><br>  v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>      Defendants. | Civil Action No. 23-1670 (BAH) |

**DEFENDANT UNITED STATES' MEMORANDUM OF POINTS AND
<u>AUTHORITIES IN SUPPORT OF MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

BACKGROUND .................................................................................................................... 2

    I.    Factual Background ................................................................................... 2

    II.   The United States Has Been Substituted as a Party Defendant for Unity Healthcare ................................................................................................. 3

    III.  Procedural History .................................................................................... 3

LEGAL STANDARD ........................................................................................................... 4

ARGUMENT ......................................................................................................................... 5

    I.    The Federal Tort Claims Act Provides the Exclusive Remedy for Damages for Personal Injury. ......................................................................................... 5

    II.   Because Plaintiff Did Not Administratively Exhaust Her Claim Before Filing This Lawsuit, the Court Lacks Jurisdiction Over Her Complaint Against the United States. ............................................................................................. 7

        A.   Plaintiff Did Not Exhaust Her Administrative Remedies Before Filing This Lawsuit ................................................................................. 7

        B.   The Court Must Dismiss Plaintiff's Complaint Against the United States ................................................................................................. 10

CONCLUSION ...................................................................................................................... 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Al-Zahrani v. Rodriguez*,
  669 F.3d 315 (D.C. Cir. 2012) ............................................................................. 5
*Arbaugh v. Y & H Corp.*,
  546 U.S. 500 (2006) ..................................................................................... 5, 10
*Ardestani v. INS*,
  502 U.S. 129 (1991) ............................................................................................ 8
*Bronner v. Duggan*,
  962 F.3d 596 (D.C. Cir. 2020) ............................................................................ 5
*Brown v. District of Columbia*,
  514 F.3d 1279 (D.C. Cir. 2008) .......................................................................... 5
*Browning v. Clinton*,
  292 F.3d 235 (D.C. Cir. 2002) ............................................................................ 6
*Corsi v. Mueller*,
  422 F. Supp. 3d 51 (D.D.C. 2019) .................................................................... 10
*Cureton v. Marshal Serv.*,
  322 F. Supp. 2d 23 (D.D.C. 2004) ...................................................................... 9
*Department of Army v. FLRA*,
  56 F.3d 273 (D.C. Cir. 1995) .............................................................................. 8
*Doe v. District of Columbia*,
  796 F.3d 96 (D.C. Cir. 2015) .............................................................................. 7
*Duplan v. Harper*,
  188 F.3d 1195 (10th Cir. 1999) ........................................................................ 12
*Edwards v. Dist. of Columbia*,
  616 F. Supp. 2d 112 (D.D.C. 2009) .................................................................. 12
*Gonzalez v. Holder*,
  763 F. Supp. 2d 145 (D.D.C. 2011) .................................................................... 7
*Gunn v. Minton,*
  568 U.S. 251 (2013) ............................................................................................ 5
*Haase v. Sessions*,
  835 F.2d 902 (D.C. Cir. 1987) ............................................................................ 8
*Hohri v. United States*,
  782 F.2d 227 (D.C. Cir. 1986) .......................................................................... 10
*Hurt v. Lappin*,
  729 F. Supp. 2d 186 (D.D.C. 2010) .................................................................. 11
*Irwin v. Dep't of Vets. Affs.*,
  498 U.S. 89 (1990) .............................................................................................. 8
*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) ............................................................................................ 5
*Land v. Dollar*,
  330 U.S. 731 (1947) ............................................................................................ 6

*Macharia v. United States*,
    334 F.3d 61 (D.C. Cir. 2003) .................................................................................... 5
*McNeil v. United States*,
    508 U.S. 106 (1993) ................................................................................... 10, 11, 12
*McNutt v. Gen. Motors Acceptance Corp.*,
    298 U.S. 178 (1936) ..................................................................................................... 6
*Menifee v. Dep't of Interior*,
    931 F. Supp. 2d 149 (D.D.C. 2013) ........................................................................ 9
*Norton v. United States*,
    530 F. Supp. 3d 1 (D.D.C. 2021) .......................................................................... 11
*Odin v. United States*,
    656 F.2d 798 (D.C. Cir. 1981) ................................................................................ 8
*Settles v. U.S. Parole Comm'n*,
    429 F.3d 1098 (D.C. Cir. 2005) .............................................................................. 7
*Simpkins v. Dist. of Columbia*,
    108 F.3d 366 (D.C. Cir. 1997) .......................................................................... 8, 10
*Smith v. Clinton*,
    253 F. Supp. 3d 222 (D.D.C. 2017) ...................................................................... 10
*United States v. Nordic Village, Inc.*,
    503 U.S. 30 (1990) ................................................................................................ 7, 8
*Wilbur v. C.I.A.*,
    355 F.3d 675 (D.C. Cir. 2004) .............................................................................. 11

**Statutes**

28 U.S.C. § 1346(b)(1) ........................................................................................................ 6
28 U.S.C. § 2675(a) ............................................................................................................. 9
28 U.S.C. § 2679(d)(1) ........................................................................................................ 7
42 U.S.C. § 233 ....................................................................................................... 3, 4, 5, 6
42 U.S.C. § 1983 ........................................................................................................ 1, 2, 7

**Rules**

Fed. R. Civ. P. 12 ................................................................................................................ 5

Defendant United States of America, through counsel, respectfully submits this motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(1).

This case arises from the suicide of Giovanni Love, while he was in detention at the District of Columbia Central Detention Facility ("D.C. Jail"). Plaintiff Dominique Watson brings the lawsuit in her individual capacity as Mr. Love's widow and as the "putative" personal representative of Mr. Love's Estate. In relevant part, Plaintiff alleges that doctors from Unity Healthcare and other defendants were negligent in providing mental health care to Mr. Love and in not preventing Mr. Love from committing suicide. According to Plaintiff, their medical malpractice and other negligence caused Mr. Love to suffer personal injury, including his death. Plaintiff seeks to recover damages in this action.

As explained below, the United States has substituted as a defendant for the claims brought against Unity Healthcare in this action by operation of law. Defendant United States hereby moves to dismiss all claims Plaintiff asserted against Unity Healthcare in the complaint, which are claims against the United States. As to Unity Healthcare, Plaintiff asserts a claim under 42 U.S.C. § 1983 (Count I) and state tort claims for wrongful death and negligence resulting in Mr. Love's death (Counts IV and V).

The Federal Tort Claims Act ("FTCA") provides the exclusive remedy for Plaintiff's claims against the United States. The doctrine of sovereign immunity bars suits against the United States except to the extent explicitly waived by statute, and the FTCA has not waived sovereign immunity for suits by plaintiffs who have not complied with the FTCA's exhaustion requirement. Plaintiff did not exhaust her administrative claim before filing this suit, meaning that there is no waiver of sovereign immunity for Plaintiff to assert a claim against the United States in this case.

This bars the Court from exercising jurisdiction, and the Court must dismiss Plaintiff's complaint against the United States.

## BACKGROUND

### I. **Factual Background**

Giovanni Love committed suicide on June 9, 2022, during his detention at the District of Columbia Jail. Compl. ¶ 36, ECF No. 1.

The plaintiff in this case, Dominique Watson, is Mr. Love's widow. She filed the lawsuit individually on her own behalf and as a "putative" personal representative of the Estate of Giovanni Love. *See* Compl. ¶ 2. Plaintiff pursues this negligence action for damages stemming from Mr. Love's suicide, and she named four parties as defendants in the complaint: the District of Columbia; the D.C. Corrections Department Director, Thomas Faust; a correctional officer, Akaie; and Unity Healthcare.

Unity Healthcare's physicians provide mental health services to inmates in D.C. correctional facilities. By operation of law, Unity Healthcare is statutorily immune from suit in this case, and the United States has been substituted as the party defendant for Unity Healthcare. *See infra.*

Plaintiff asserted claims against Unity Healthcare doctors in Counts I, IV, and V of the complaint. Count I is a claim asserted under 42 U.S.C. § 1983, which is precluded as a matter of law. The counts directed against Unity Healthcare each appear to allege a single tort claim of wrongful death or negligence resulting in Mr. Love's death. Plaintiff generally contends that Unity Health clinicians committed medical malpractice and other negligence in providing mental health care to Mr. Love and ensuring that he was not a danger to himself. Plaintiff seeks to recover for personal injury resulting therefrom and pursues monetary damages against Unity Healthcare and the other defendants.

## II. The United States Has Been Substituted as a Party Defendant for Unity Healthcare

Unity Healthcare, which receives federal grant funding from the Department of Health and Human Services ("HHS"), provides mental health services to inmates at the D.C. Jail. Because the United States has certified that Unity Healthcare was a deemed federal employee of the Public Health Service at the time of the incidents alleged in this action, *see* ECF No. 38-1 (Certification), Unity Healthcare is immune from suit under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233 (the "Health Centers Act"). Under that statute, an action brought against a deemed federal employee of the Public Health Service must be "deemed a tort action brought against the United States under the provisions of title 28"—the FTCA. 42 U.S.C. § 233(c). The claims Plaintiff asserted against Unity Healthcare therefore, by operation of law, are deemed to be brought against the United States, and thus the United States has been substituted as a party defendant for Unity Healthcare.

An action under the FTCA "shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim." 42 U.S.C. § 233(a).

## III. Procedural History

On June 8, 2023, Plaintiff filed her complaint with this Court against Unity Healthcare and the other three defendants. ECF No. 1.

Plaintiff did not name the United States as a defendant in the complaint or serve the United States with the summons and complaint. *See id.* In addition, Plaintiff did not allege that she had exhausted her administrative remedies prior to filing this lawsuit. *See generally id.*

On November 22, 2023, following an investigation of the facts, the United States certified that Unity Healthcare was a deemed employee of the Public Health Service at the time of the incidents alleged by Plaintiff in this action. *See* ECF No. 38-1 (Certification). The next day, on

November 23, 2023, the United States substituted as a party defendant for Unity Healthcare in this action. *See* Notice. of Sub., ECF No. 38. In that filing with the Court, counsel for the United States informed the Court that, based on the foregoing certification, the claims asserted against Unity Healthcare in the action were now deemed to be brought against the United States by operation of law and thus the United States was substituted for Unity Healthcare as a party defendant. *Id.*

Before filing the complaint in this Court on June 8, 2023, Plaintiff did not exhaust her administrative remedies for her tort claims against the United States. The relevant agency, HHS, received an administrative tort claim from Plaintiff on June 16, 2023. Declaration of Robert H. Murphy ("Murphy Decl.") ¶ 4, Ex. 1. The claim is pending, and a decision has not yet been issued on the claim. *Id.*

Having been substituted for Unity Healthcare as a party defendant in this case, the United States hereby moves under Rule 12(b)(1) to dismiss the complaint as to the United States for lack of subject-matter jurisdiction.

## LEGAL STANDARD

"Article III of the Constitution prescribes that '[f]ederal courts are courts of limited subject-matter jurisdiction' and 'ha[ve] the power to decide only those cases over which Congress grants jurisdiction.'" *Bronner v. Duggan*, 962 F.3d 596, 602 (D.C. Cir. 2020) (alterations in original) (quoting *Al-Zahrani v. Rodriguez*, 669 F.3d 315, 317 (D.C. Cir. 2012)); *see Gunn v. Minton,* 568 U.S. 251, 256 (2013) ("'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994))). Federal courts have an obligation to ensure that they do not exceed the scope of their jurisdiction. Absent subject-matter jurisdiction over a case, a court must dismiss it. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006); Fed. R. Civ. P. 12(h)(3).

Because Rule 12(b)(1) concerns a court's jurisdiction, the court must scrutinize the plaintiff's allegations more closely when considering a motion to dismiss under Rule 12(b)(1) than it would under a motion to dismiss pursuant to Rule 12(b)(6). *See Macharia v. United States*, 334 F.3d 61, 64 (D.C. Cir. 2003). In deciding a Rule 12(b)(1) motion, the court must "accept as true all of the factual allegations contained in the complaint" and draw all reasonable inferences in the plaintiff's favor. *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008). But a court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint or amount merely to legal conclusions. *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). Moreover, when reviewing a challenge pursuant to Rule 12(b)(1), a court may consider documents outside the pleadings to assure itself that it has jurisdiction. *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).[1] Ultimately, the plaintiff has the burden of establishing the Court's jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).

**ARGUMENT**

**I.      The Federal Tort Claims Act Provides the Exclusive Remedy for Damages for Personal Injury.**

Mr. Love committed suicide while an inmate at the D.C. Jail, and Plaintiff alleges that Unity Healthcare psychiatrists and healthcare staff were negligent in providing mental health services. Plaintiff alleges physical injuries resulting from the performance of a Unity Healthcare doctor's duties and she seeks the recovery of monetary damages.

---

[1]      By considering documents outside the pleadings when reviewing a motion to dismiss pursuant to Rule 12(b)(1), a court does not convert the motion into one for summary judgment; "the plain language of Rule 12(b) permits only a 12(b)(6) motion to be converted into a motion for summary judgment" when documents extraneous to the pleadings are considered by a court. *Haase*, 835 F.2d at 905.

Under the FTCA, a plaintiff may sue the government for "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government." 28 U.S.C. § 1346(b)(1). Under the Health Centers Act, the FTCA provides an "exclusive" remedy against the United States for personal injuries resulting from the acts or omissions of entities "deemed to be an employee of the Public Health Service." 42 U.S.C. § 233(g)(1)(A). "Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, . . . the proceeding [shall be] deemed a tort action brought against the United States." 28 U.S.C. § 2679(d)(1).

In this case, there has been such a certification by the Attorney General. Brian P. Hudak, the Chief of the Civil Division for the United States Attorney's Office for the District of Columbia, possesses delegated authority from the Attorney General and has certified that "Unity Healthcare, Inc. was acting as a deemed employee of the Public Health Service at the time of the alleged incidents." Certification, ECF No. 38-1.

As such, the FTCA is "[P]laintiff's sole route to recovery" and "[t]he United States is the only proper defendant." *Young-Bey v. Unity Med. Healthcare*, 217 F. Supp. 3d 304, 308 (D.D.C. 2016); *see Gonzalez v. Holder*, 763 F. Supp. 2d 145, 151 (D.D.C. 2011) (precluding claims of the same nature because, "[b]y its terms, § 233(a) limits recovery for such conduct to suits against the United States"). Moreover, Plaintiff's claim under 42 U.S.C. § 1983 (Count I) cannot be maintained against the United States.[2]

---

[2] More generally, claims against the United States under Section 1983 also are foreclosed because such claims may be brought against a state or local government official acting the under the color of state law—but not a federal government official. *See, e.g., Doe v. District of Columbia*, 796 F.3d 96, 105 (D.C. Cir. 2015); *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005) ("Section 1983 does not apply to federal officials acting under color of federal law.").

## II. Because Plaintiff Did Not Administratively Exhaust Her Claim Before Filing This Lawsuit, the Court Lacks Jurisdiction Over Her Complaint Against the United States.

### A. Plaintiff Did Not Exhaust Her Administrative Remedies Before Filing This Lawsuit.

Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of statutory waiver of such immunity. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 32–34 (1990) ("[w]aivers of the Government's sovereign immunity, to be effective, must be 'unequivocally expressed'") (quoting *Irwin v. Dep't of Vets. Affs.*, 498 U.S. 89, 95 (1990)). A waiver of sovereign immunity must be clear and unequivocal and must be strictly construed in favor of the sovereign. *Ardestani v. INS*, 502 U.S. 129, 137 (1991); *Department of Army v. FLRA*, 56 F.3d 273, 277 (D.C. Cir. 1995) ("the statutory waiver provision must unambiguously establish that it extends to the award of money damages"); *Haase v. Sessions*, 893 F.2d 370, 373 (D.C. Cir. 1990) ("waivers of sovereign immunity, the Supreme Court has repeatedly reminded us, must be narrowly construed"). The construction of the statute favoring the sovereign must be followed as long as it is "plausible." *Nordic Village*, 503 U.S. at 37.

The United States has provided a limited waiver of sovereign immunity for certain tort claims under the FTCA. But it has not waived its sovereign immunity in situations where a plaintiff has failed to comply exactly with the provisions governing the administrative exhaustion of those claims.

As the D.C. Circuit consistently has held, the FTCA's exhaustion requirement is "jurisdictional." *Simpkins v. Dist. of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997); *Odin v. United States*, 656 F.2d 798, 802 (D.C. Cir. 1981) (section 2675(a) is a "'jurisdictional prerequisite[]' to suit"); *GAF Corp. v. United States*, 818 F. 2d 901, 904–905 (D.C. Cir. 1987) (section 2675(a) imposes a "jurisdictional prerequisite to the maintenance of a tort suit against the United States").

The FTCA defines the terms upon which the United States may be sued, and "absent full compliance with the conditions . . . placed upon its waiver, courts lack jurisdiction to entertain tort claims against it." *GAF Corp.*, 818 F. 2d at 904.

To bring suit under the FTCA, a claimant first must satisfy the FTCA's exhaustion requirement under 28 U.S.C. § 2675(a), which provides in pertinent part:

> An action <u>shall not</u> be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death . . . unless the claimant shall have <u>first</u> presented the claim to the appropriate Federal agency and <u>his claim shall have been finally denied</u> by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

*Id.* (emphases added). Put simply, "exhaustion occurs once a claimant has presented the appropriate federal agency with a claim . . . and the agency has (1) denied the claim in writing or (2) failed to provide a final disposition within six months of the claim's filing." *Cureton v. Marshal Serv.*, 322 F. Supp. 2d 23, 27 (D.D.C. 2004); *Menifee v. Dep't of Interior*, 931 F. Supp. 2d 149, 161 (D.D.C. 2013) (same).

Accordingly, a plaintiff must plead and prove that she exhausted her administrative remedies in one of these ways prior to filing suit, and Plaintiff has not done so. In the complaint, Plaintiff did not even attempt to satisfy her obligation to plead that the Court has subject-matter jurisdiction over the case. Her complaint makes no mention of an administrative tort claim submitted by Plaintiff, let alone one that was properly presented to the relevant agency and properly exhausted. The absence of these allegations from the complaint is fatal to her claim, and it necessitates the dismissal of the complaint against the United States under Rule 12(b)(1).

With this motion, the United States also supplies a declaration and exhibits that affirmatively establish that Plaintiff did not exhaust her claim against the government before filing this lawsuit. At the time she filed the complaint, Plaintiff had not presented her claim to HHS, and

HHS had not (1) denied her claim in writing or (2) failed to provide a final disposition within six months of the administrative claim's filing. *See* Murphy Decl. ¶ 4. In fact, as noted previously, HHS did not receive notice of any administrative claim from Plaintiff until after she had filed this lawsuit on June 8, 2023. Murphy Decl. ¶ 5 **(**HHS received Plaintiff's administrative claim on June 16, 2023). Therefore, Plaintiff cannot sustain her burden of showing compliance with the FTCA's exhaustion requirement, a jurisdictional pre-requisite to suit, and she cannot overcome this motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). In the absence of subject-matter jurisdiction over the complaint against the United States, the Court must dismiss it. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006).

Importantly, "court[s] may not waive the FTCA's exhaustion requirement on equitable grounds." *Chien v. United States*, Civ. A. No. 17-2334 (CKK), 2019 WL 4602119, at *8 (D.D.C. Sept. 23, 2019) (citation omitted); *Corsi v. Mueller*, 422 F. Supp. 3d 51, 73 (D.D.C. 2019) (same); *cf. Smith v. Clinton*, 253 F. Supp. 3d 222, 238 (D.D.C. 2017) (rejecting plaintiff's contention that "exhaustion would be futile" because the "FTCA's exhaustion requirement is jurisdictional and cannot be excised"), *aff'd*, 886 F.3d 122 (D.C. Cir. 2018). As this Circuit has explained: "[t]he FTCA's mandatory administrative filing requirement is not to be confused with the prudential, judge-made exhaustion doctrine. . . the jurisdictional FTCA filing requirement is not subject to equitable waiver." *Hohri v. United States*, 782 F.2d 227, 245 (D.C. Cir. 1986).

Nor could the parties agree to waive compliance with the exhaustion requirement. Because compliance with the exhaustion requirement is a precondition of the FTCA's sovereign immunity waiver, it implicates Court's subject-matter jurisdiction. As with any other type of subject-matter jurisdiction defect, the parties cannot agree to proceed in spite of it. *E.g., Simpkins v. District of*

*Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997) ("[A] party cannot waive the absence of subject matter jurisdiction.").

"Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil v. United States*, 508 U.S. 106, 112 (1993). The statutory text is "unambiguous," and courts are "not free to rewrite the statutory text" of the FTCA. *Id.* at 111. Without jurisdiction to hear these claims against the United States, the Court must dismiss them. *Id.*

**B.     The Court Must Dismiss Plaintiff's Complaint Against the United States.**

In response to this Motion, Plaintiff may argue that her federal court complaint is now timely because the 180-day mandatory exhaustion period for her administrative claim, filed June 16, 2023, has since elapsed during the pendency of this case. But that argument is foreclosed by Supreme Court precedent, which makes clear that a party cannot exhaust administrative remedies after the suit already has been filed. *See McNeil*, 508 U.S. at 113 (rejecting plaintiff's argument that subsequent receipt of formal denial from an agency is sufficient to satisfy the exhaustion remedies).

"Under the FTCA, the appropriate analysis is whether the claimant exhausted her administrative remedies *at the time she filed her complaint*, not whether the exhaustion requirement was ultimately satisfied at a later date." *Norton v. United States*, 530 F. Supp. 3d 1, 4–8 (D.D.C. 2021); *see Hurt v. Lappin*, 729 F. Supp. 2d 186, 190 (D.D.C. 2010) ("Even though the six-month period has now expired, the relevant analysis is whether [plaintiff] had exhausted his administrative remedy at the time he filed his complaint."); *McNeil*, 508 U.S. at 112 ("Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."). "The plain language of the FTCA therefore bars a plaintiff from filing suit before he . . . has exhausted [his] administrative remedies[.]" *Young-Bey v. Unity Med. Healthcare*, 217

F. Supp. 3d 304, 310 (D.D.C. 2016). This requirement "enables the agency to investigate and ascertain the strength of a claim . . . [and] determine whether settlement or negotiations to that end are desirable." *GAF Corp. v. United States*, 818 F.2d 901, 920 (D.C. Cir. 1987); *see also Wilbur v. C.I.A.*, 355 F.3d 675, 677 (D.C. Cir. 2004) (citation omitted) ("Exhaustion of administrative remedies is generally required before seeking judicial review 'so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.'").

In situations where a plaintiff has not exhausted administrative remedies before filing suit against the government, the court must dismiss the case. *See McNeil*, 508 U.S. at 12. "[T]he failure to exhaust administrative remedies *prior* to filing suit cannot be remedied by amending the complaint at a later date." *Edwards v. Dist. of Columbia*, 616 F. Supp. 2d 112, 117 (D.D.C. 2009) (internal citations omitted). Strict adherence to this exhaustion requirement is not only statutorily mandated, but also essential for achieving its objective. *See McNeil*, 508 U.S. at 12 ("Every premature filing of an action under the FTCA imposes some burden on the judicial system. . . . The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command"); *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) ("Allowing claimants [] to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system.").

Thus, Plaintiff's complaint against the United States must be dismissed, as it was not within the Court's jurisdiction when this suit began. The FTCA does not provide a waiver of sovereign immunity for the claims she asserts, and the Court must dismiss it for lack of jurisdiction under

Rule 12(b)(1). *See McNeil*, 508 U.S. at 113 (holding that a claimant's "fail[ure] to heed [the FTCA's] clear statutory command" warrants dismissal of his case).

## CONCLUSION

For the foregoing reasons, Defendant requests that the Court grant its Motion and dismiss Plaintiff's Complaint against the United States.

Dated: January 12, 2024
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: /s/ *Christina O'Tousa*
    CHRISTINA O'TOUSA, D.C. Bar #241667
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2437
    christina.otousa@usdoj.gov

*Attorneys for the United States of America*