UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOMINIQUE WATSON, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>    *Defendants and Third-Party Plaintiffs*<br><br>    v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    *Third-Party Defendants.* | Civil Action No. 1:23-cv-01670-BAH |

**JOINT MEET AND CONFER STATEMENT**

Under Federal Rule of Civil Procedure 26(f), and Local Civil Rule 16.3, Plaintiff Dominique Watson and Defendants District of Columbia (the District) and Thomas Faust (collectively, Defendants) hereby submit the parties' Joint Report. The parties will submit a proposed scheduling order with deadlines following the Court's ruling on Defendants' pending motion to dismiss, ECF No. 20.

**I.**     **Statement of the Case**

This is a civil action that stems from the death by suicide of Giovanni Love during his detention in the District of Columbia Department of Corrections (DOC) on June 9, 2022. Plaintiff Dominique Watson, individually and as personal representative of the estate of Giovanni Love, sues Defendants District of Columbia and DOC Director Thomas Faust Plaintiff under 42 U.S.C. § 1983 (Count I); the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (Count II); Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (Count III); common law

negligence (Count IV); and wrongful death (Count V).  The District contracts with Unity Health Care to provide mental health services for DOC residents.  Unity receives federal grant funding from the Department of Health and Human Services for the services provided at DOC.  Defendants deny liability and deny that Plaintiff is entitled to any relief.

## II.     LCvR 16.3(c) Requirements

1.     **Dispositive Motions:**  Director Faust moved to dismiss all claims against him while the District moved to dismiss Plaintiff's § 1983, ADA, and Rehab Act claims, but did not move to dismiss the negligence claim.  This motion is still pending.  Defendants anticipate moving for summary judgment at the close of discovery.

2.     **Additional Parties/Amendment of Pleadings:**  Plaintiff intends to refile her complaint to add the United States as a defendant.  The parties agree that any other parties shall be joined within 30 days of the scheduling conference.  The parties have not been able to agree upon or narrow any of the factual or legal issues.

3.     **Magistrate Judge:**  The parties agree that this case should not be assigned to a magistrate judge for all purposes or trial.

4.     **Settlement:**  Defendants requested a demand from Plaintiff during the May 14, 2024 meet and confer.  The parties will continue to evaluate settlement as the case moves forward.

5.     **Alternative Dispute Resolution:**  Counsel have discussed ADR and this provision with their respective clients.  The parties believe alternative dispute resolution/mediation with a Magistrate Judge or the Circuit Mediation Program may be useful after the close of discovery, or after resolution of any motions for summary judgment.

  **6.** **Summary Judgment Motions:** The parties propose that deadlines for dispositive motions or mediation should be set at a post-discovery status conference.

  **7.** **Initial Disclosures:** The parties agree that initial disclosures required by Fed. R. Civ. P. 26(a)(1) will be exchanged on or by June 14, 2024.

  **8.** **Discovery:** The parties propose a phase discovery schedule with fact and expert discovery proceeding sequentially.  The parties further agree that a schedule for discovery is not necessary yet because they stipulate to exchanging written discovery requests (pursuant to their agreement below) at this time.  The parties will confer and submit a proposed scheduling order with deadlines and dates following the Court's ruling on Defendants' pending motion to dismiss, ECF No. 20.  The parties agree to a limit of 25 interrogatories per party.

  The Parties' Position:  Director Faust requests that the Court rule on the pending dispositive motion before he is required to participate in discovery.  The District and Plaintiff agree to proceed to discovery on Plaintiff's negligence claim and will hold off on discovery forany purported *Monell* claim until the Court's ruling on its pending motion to dismiss.

  Defendants' Position:  Defendants request that the Court impose a limit of no more than 25 requests for production of documents and 15 requests for admissions per party.  The District also requests that any notice of deposition served under Rule 30(b)(6) be limited to no more than 10 topics, including sub-topics, and be served no less than 45 days prior to the proposed deposition date, to allow time for the Parties to reach agreement about the scope of the deposition and to identify appropriate designee(s).

  Plaintiff's Position:  Defendants have not identified a reason to depart from the Federal Rules with respect to Rule 34 and Rule 36 discovery.  Plaintiff submits that the Federal Rules provide ample protections to parties who believe they are subject to an unduly burdensome

volume of discovery.  That is particularly so in this case, where there are *Monell* and supervisory liability claims pending, which may require substantial discovery to investigate.  Plaintiff therefore objects to the Defendants' proposed departure from the Federal Rules with respect to Rule 34 and Rule 36 discovery.  Plaintiff agrees with Defendants' proposal for Rule 30(b)(6) depositions, except that she requests a 20 topic limitation.

9. **Discovery of Electronically Stored Information:**

The Parties agree that any request for the production of emails or electronic documents pursuant to Fed. R. Civ. P. 34 will be satisfied by the results of agreed-upon parameters and search terms.  Such agreement will outline:

(1) identification of custodian(s) to be searched;

(2) identification of the date range to be searched;

(3) identification of search term(s); and

(4) understanding of methodology for conducting the searches and review.

The Parties have discussed disclosure, discovery, and the preservation of electronically stored information and have agreed that all information may be produced via an electronic file sharing program.  The Parties do not anticipate the need to exchange any information in discovery which is not readily accessible, and agree that a party need not create any document that does not already exist in order to respond to a request for discovery of electronically stored information.  They agree that such information should be produced either:  (1) in its native file format, then rendered to TIFF images with a cross reference (load) file; or (2) in searchable Adobe PDF format.  In the event metadata is desired for an attachment (e.g., Excel file) but is not otherwise produced by these methods, the Parties will meet and confer in good faith and discuss the issue.

10. **Confidential Information/Privilege Issues:**  The Court issued a protective

order governing the exchange and use of confidential information on October 24, 2023. Protective Or., ECF No. 31. The parties agree that any declaration of privilege must be accompanied by a privilege log.

    **11.**    **Expert Witnesses:**  The parties agree that the deadlines for exchange of expert witness reports and information required by Fed. R. Civ. P. 26(a)(2) should be scheduled after the court rules on the pending Motion to Dismiss.

    **12.**    **Class Action:**  Not applicable.

    **13.**    **Bifurcation:**  The parties do not believe there is a need to bifurcate discovery or trial.

    **14.**    **Pretrial Scheduling:**  The parties ask that a pretrial conference be held approximately 30 days after a ruling on any dispositive motions or the unsuccessful conclusion of mediation.

    **15.**    **Trial Scheduling:**  The parties ask that the Court set a trial date at the Pretrial Conference.

    **16.**    **Other Matters:**

Because this is currently a matter involving fee-shifting statutes, it is advantageous to the parties if Defendants are apprised of the fees and costs Plaintiff is claiming to have accrued on an ongoing basis. Accordingly, to the extent that any fee-shifting claims remain after the Court rules on the pending motion to dismiss, Defendants request that Plaintiff's counsel provide a summary of the fees and costs incurred in this litigation on an quarterly basis, within 45 days of the end of each quarter, with the first report to be due 45 days after the end of the quarter after any future scheduling conference. Plaintiff does not oppose this request provided that any such statements reflect only one-line summary amounts, without itemization.

Date:  May 28, 2024                           Respectfully submitted,

*/s/ Stephen H. Weil (with permission)*
Arthur Loevy*
Stephen H. Weil IL0123
Maria Makar*
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
weil@loevy.com
*Counsel for Plaintiff*

-and -

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Alicia M. Cullen*
ALICIA M. CULLEN [1015227]
Chief, Civil Litigation Division, Section III

*/s/ Katrina Seeman*
KATRINA SEEMAN [1671729]
ELISE LEVY [90018007]
Assistant Attorney General
Civil Litigation Division
400 6th Street NW
Washington, D.C. 20001
Phone:  202-724-6607; (202) 549-0030
Fax:  202-724-5917; (202) 585-0344
Email:  katrina.seeman@dc.gov; elise.levy@dc.gov
*Counsel for Defendants District of Columbia and Thomas Faust*

6