UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOMINIQUE WATSON, on behalf of
herself and as putative personal representative of
the Estate of Giovanni Love,

    *Plaintiff,*

  v.

DISTRICT OF COLUMBIA, *et al.*,

    *Defendants.*

and

DISTRICT OF COLUMBIA,

    *Third-Party Plaintiff,*

  v.

UNITED STATES OF AMERICA

and

UNITY HEALTHCARE, INC.,

    *Third-Party Defendants*.

Civil Action No. 1:23-CV-01670-BAH

## JOINT MEET AND CONFER STATEMENT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16.3, Plaintiff Dominique Watson, Defendant District of Columbia (the District), and Third-Party Defendants United States of America and Unity Healthcare Inc. hereby submit this Joint Report. A proposed scheduling order is attached.

### I. Joint Statement of the Case

Plaintiff Dominique Watson alleges, among other claims, that employees of the District of Columbia and Unity Healthcare were negligent or reckless in providing mental health care to her husband, Giovanni Love, and in not preventing Mr. Love from committing suicide. According to Plaintiff's Complaint, the negligence or recklessness of the District of Columbia Department of Corrections and Unity Healthcare caused Mr. Love to suffer personal injury, including his death. Defendants deny all claims of liability and damages.

### II. LCvR 16.3(c) Requirements

#### A. Dispositive Motions

There are currently no pending dispositive motions. Defendants anticipate moving for summary judgment at the close of discovery.

#### B. Joinder of Additional Parties; Amendment of Pleadings

The Parties agree that any joinder of parties or amendment of pleadings will be completed by August 27, 2024. Plaintiff is in the process of filing a separate complaint naming United States as a defendant, which she will designate as a related case. The United States is in the process of determining whether to substitute in place of Unity Healthcare for the claims asserted against Unity Healthcare in the Third-Party Complaint. The Parties have not been able to agree upon or narrow any of the factual or legal issues.

#### C. Assignment to a Magistrate Judge

Plaintiff, Unity Healthcare, and the District agree that this case should not be assigned to a magistrate judge for all purposes or trial. Third-Party Defendant United States is amenable to assigning this case to a magistrate judge.

### D. Possibility of Settlement

There have been no settlement discussions between the parties. The Parties will continue to evaluate settlement as the case moves forward.

### E. Alternative Dispute Resolution/Mediation

Counsel have discussed ADR and this provision with their respective clients. Plaintiff and the District believe alternative dispute resolution/mediation with a Magistrate Judge or the Circuit Mediation Program may be useful after the close of discovery or after resolution of any motions for summary judgment. The United States is in the process of determining whether to substitute in place of Unity Healthcare for the claims asserted against Unity Healthcare in the Third-Party Complaint. The United States and Unity Healthcare believe any alternative dispute resolution/mediation regarding those claims is premature until such determination has been made.

### F. Proposed Schedule for Summary Judgment Motion(s)

The Parties propose that the Court set a post discovery status conference to discuss any pending motions and whether the Parties wish to proceed to mediation or summary judgment briefing.

### G. Initial Disclosures

The Parties agree to exchange Rule 26(a)(1) initial disclosures by August 27, 2024.

### H. Anticipated Extent of Discovery

The Parties propose commencing discovery on August 13, 2024. Fact discovery shall close on May 13, 2025. Plaintiff will designate any experts by June 13, 2025; and Defendants will designate any experts by August 1, 2025. Expert discovery shall close by August 29, 2025.

The District's Position: The District requests a limit of no more than five depositions per

party, no more than 25 interrogatories per party, and 25 requests for production of documents per party.  Defendants also request that any notice of deposition served under Rule 30(b)(6) will be limited to no more than ten topics, including sub-topics, and be served no less than 45 days prior to the proposed deposition date, to allow time for the Parties to reach agreement about the scope of the deposition and to identify appropriate witness(es).

      Plaintiff position:  *Number of depositions:*  Plaintiff requests that the default provisions of Rule 30 regarding the number of depositions operate in this case, particularly since the case involves *Monell* claims that may require investigation from multiple deponents.  In all events, Plaintiff requests that any limits be imposed per *side*, not per *party*, as Rule 30 contemplates.[1]  *Rule 30(b)(6) depositions:*  Plaintiff does not oppose the District's 45-day proposal for Rule 30(b)(6) deposition notices, but submits that the District's proposed limit of 10 topics (including sub-topics) is unnecessarily restrictive and is likely to lead to the designation of topics that will result in overbreadth or specificity objections.  Plaintiff submits that the conferral process contemplated by Rule 30(b)(6) is more likely to result in a targeted Rule 30(b)(6) deposition,[2] and that the proportionality rules in Rule 26(b)(1) will protect against disproportionate discovery generally.  *Rule 34 requests for production:*  Plaintiff does not object to the District's proposed limit of 25 Rule 34 requests, though Plaintiff submits in this multi-party case, any such limit is appropriately applied to Rule 34 requests made *to* a party, and that it should not include sub-parts that may be necessary to clarify or specify the nature of the request.

---

[1]    *See*  Fed. R. Civ. P. 30 Advisory Committee's Note (1993) ("One aim of [Rule 30's ten-deposition limit] is to assure judicial review . . . before any *side* will be allowed to take more than ten depositions in a case without agreement of the other parties." (emphasis added)).

[2]    *See* Fed. R. Civ. P. 30(b)(6) Advisory Committee's Note (2015) (contemplating discussion among the parties to refine Rule 30(b)(6) deposition topics).

**I.     Discovery of Electronically Stored Information**

The Parties agree that any request for the production of emails or electronic documents pursuant to Fed. R. Civ. P. 36 will be satisfied by the results of agreed-upon parameters and search terms. Such agreement will outline:

> (1) identification of custodian(s) to be searched;
>
> (2) identification of the date range to be searched;
>
> (3) identification of search term(s); and
>
> (4) understanding of methodology for conducting the searches and review.

The Parties have discussed disclosure, discovery, and the preservation of electronically stored information and have agreed that all information may be produced via an electronic file sharing program. The Parties do not anticipate the need to exchange any information in discovery which is not readily accessible, and agree that a party need not create any document that does not already exist in order to respond to a request for discovery of electronically stored information. They agree that such information should be produced either: (1) in its native file format, then rendered to TIFF images with a cross reference (load) file; or (2) in searchable Adobe PDF format. Notwithstanding the foregoing, "live" documents such as Excel files are to be produced in their native format. In the event metadata is desired for an attachment (e.g., Excel file) but is not otherwise produced by these methods, the Parties will meet and confer in good faith and discuss the issue.

**J.     Confidential Information/Privilege Issues**

The Court has already issued a Protective Order governing discovery in this case [31]. Any declaration of privilege must be accompanied by a privilege log.

**K.    Expert Witnesses**

The Parties agree that the requirements of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) shall be as follows: *see* subparagraph H, which contains proposed expert disclosure and discovery dates.

**L.     Class Action**

Not applicable.

**M.    Bifurcation**

The Parties do not believe there is a need to bifurcate discovery or trial.

**N.    Pretrial Scheduling**

The Parties propose that the Court schedule a Pretrial Conference 60 days after any ruling on dispositive motions or, if no such motions are filed, 60 days after the close of discovery or the conclusion of any mediation period.

**O.    Trial Date**

The Parties ask that the Court set a trial date at the Pretrial Conference.

**P.    Other Matters**

The Parties agree that because this is a matter involving fee-shifting statutes, it is advantageous if Plaintiff apprises Defendants of the fees and costs Plaintiff is claiming to have accrued on a quarterly basis.

Date: August 2, 2024                                         Respectfully submitted,

*/s/ Stephen H. Weil (with permission)*
STEPHEN H. WEIL [D.D.C. Bar No. IL0123]
Loevy & Loevy Attorneys at Law, IL
311 North Aberdeen Street Suite 3rd Floor
Chicago, IL 60607
Phone: (312) 243-5900
Email: weil@loevy.com
*Counsel for Plaintiff*

-and-

*/s/ Brendan Tyler (with permission)*
BRENDAN TYLER [D.D.C. Bar No. 1672687]
Feldesman Leifer, LLP
1129 20th Street NW 4th Floor
Washington, D.C. 20036
Phone:  (202) 465-8960
Email: btyler@feldesman.com
*Counsel for Unity Healthcare Inc.*

-and-

*/s/ Christina O'Tousa (with permission)*
CHRISTINA O'TOUSA [D.D.C. Bar No. 241667]
DOJ-USAO
601 D Street NW
Washington, D.C. 20530
Phone:  (202) 252-2437
Email:  christina.otousa@usdoj.gov
*Counsel for Defendant United States of America*

-and-

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Alicia M. Cullen*
ALICIA M. CULLEN [1015227]
Chief, Civil Litigation Division, Section III

*/s/ Elise Levy*
ELISE LEVY [90018007]
Assistant Attorney General
Civil Litigation Division
400 6th Street NW
Washington, D.C. 20001
Phone:  (202) 549-0030
Fax:  (202) 585-0344
Email: elise.levy@dc.gov
*Counsel for Defendant District of Columbia*

7

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DOMINIQUE WATSON, on behalf of
herself and as putative personal representative of
the Estate of Giovanni Love,

    *Plaintiff,*

  v.

DISTRICT OF COLUMBIA, *et al.*,

    *Defendants.*

Civil Action No. 1:23-cv-01670-BAH

    and

DISTRICT OF COLUMBIA,

    *Third-Party Plaintiff,*

  v.

UNITED STATES OF AMERICA

    and

UNITY HEALTHCARE, INC.,

    *Third-Party Defendants*.

## SCHEDULING ORDER

Upon consideration of the Parties' Joint Rule 16.3 Report, and the entire record herein, it is this _____ day of _____, 2024, hereby

**ORDERED** that any additional parties shall be added and pleadings shall be amended by August 27, 2024; and it is further

**ORDERED** that the Parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(2) by August 27, 2024; and it is further

**ORDERED** that fact discovery shall commence on August 13, 2024, and shall close on May 13, 2025; and it is further

**ORDERED** that Plaintiff's expert disclosures are due by June 13, 2025; Defendants' expert disclosures are due by August 1, 2025; and expert discovery shall close on August 29, 2025; and it is further

**ORDERED**, that the Parties shall appear for a Post-Discovery Status Conference on _____ at _____ a.m./p.m.; and it is further

**ORDERED** that Plaintiff shall provide a statement of approximate fees and costs incurred in this litigation on a quarterly basis, within 45 days of the end of each quarter, with the first report due by August 27, 2024.

**SO ORDERED**.

Date:_____  _____
BERYL A. HOWELL
United States District Court Judge