UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOMINIQUE WATSON, *et al.*,      )
                                 )
            *Plaintiffs*,        )
                                 )
      v.                         )
                                 )
DISTRICT OF COLUMBIA, *et al.*,  )   Civil Action No. 1:23-cv-01670-BAH
                                 )
            *Defendants*.        )
                                 )
      And                        )
                                 )
DISTRICT OF COLUMBIA, et al.     )
                                 )
            *Third Party Plaintiffs,*  )
                                 )
UNITES STATES OF AMERICA,        )
                                 )
      And                        )
                                 )
UNITY HEALTHCARE, INC.,          )
                                 )
            *Third Party Defendants.*  )


**THIRD PARTY DEFENDANT UNITY HEALTH CARE, INC.'S MOTION TO
SUBSTITUTE OR, IN THE ALTERNATIVE, TO DISMISS**

Third Party Defendant Unity Health Care, Inc. ("Unity"), by and through undersigned

counsel, hereby moves this Court, pursuant to 42 U.S.C. § 233, to substitute the United States in

its place as the sole defendant with respect to the Third Party Complaint. In the alternative, Unity

moves this Court to dismiss Count II of the Third Party Complaint against Unity pursuant to Fed.

R. Civ. P. 12(b)(1). In support of the instant Motion, Unity submits the accompanying

Memorandum of Law and Points of Authorities.

Respectfully submitted,

Dated: September 20, 2024                    Feldesman Leifer LLP


                                             By: /s/ *Brendan M. Tyler*
                                             Brendan M. Tyler (D.C. Bar No. 1672867)
                                             Feldesman Leifer LLP
                                             1129 20th Street, N.W., 4th Floor
                                             Washington, DC 20036

                                             Phone: (202) 466-8960
                                             Fax: (202) 293-8103
                                             Email:  btyler@feldesman.com

                                             *Attorney for Unity Health Care, Inc.*

**MEMORANDUM OF LAW AND POINTS OF AUTHORITIES**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................1

BACKGROUND ...................................................................................................1

    A.  Health Center Immunity ....................................................................1

    B.  The Instant Action and Plaintiff's Complaint ....................................4

ARGUMENT ...................................................................................................6

I.     There is No Dispute All Of Unity's Conduct At Issue Falls Within FSHCAA's Coverage ...................................................................................................7

II.    Unity Is Immune From Any Civil Action Or Proceeding Arising Out Of Its Performance Of Medical Functions ...........................................................8

III.   Substitution Of The United States Provides The Appropriate Mechanism To Effectuate Unity's § 233(a) Immunity ...........................................................11

IV.   Even If The Court Does Not Order Substitution, It Must Dismiss Count II Of The Third Party Complaint ...................................................................................................12

CONCLUSION...................................................................................................14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Agyin v. Razmzan,*
    986 F.3d 168 (2d Cir. 2021)........................................................................3, 4

*Beethoven.com LLC v. Librarian of Cong.,*
    394 F.3d 939 (D.C. Cir. 2005).........................................................................13

*Estate of Booker v. Greater Phila. Health Action, Inc.,*
    10 F.Supp.3d  656 (E.D. Pa. 2014) ..................................................................4

*C.K. v. United States,*
    No. 19-cv-2492, 2020 WL 6684921 (S.D. Cal. Nov. 12, 2020)....................4, 9, 11

*Estate of Campbell ex rel. Campbell v. S. Jersey Med. Ctr.,*
    732 F. Appx. 112 (3d Cir. 2018).....................................................................11

*Ford v. Mitchell,*
    890 F.Supp.2d 24 (D.D.C. 2012) ....................................................................12

*Hasse v. Sessions,*
    835 F.2d 902 (D.C. Cir. 1987) ........................................................................13

*Hui v. Castaneda,*
    559 U.S. 799 (2010)................................................................................ *passim*

*Kezer v. Penobscot Cmty. Health Ctr.,*
    No. 1:15-cv-00225-JAW, 2019 BL 141566 (D. Me. Mar. 21, 2019)...............11, 12

*Klayman v. Porter,*
    No. 22-953, 2023 WL 2496738 (D.D.C. Mar. 14, 2023) ...................................12

*Krandle v. Refuah Health Ctr., Inc.,*
    No. 22-CV-4977, 2024 WL 1075359 (S.D.N.Y. Mar. 12, 2024) .........................13

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
    511 U.S. 375 (1994).......................................................................................13

*Macharia v. United States,*
    334 F.3d 61 (D.C. Cir. 2003)...........................................................................13

*Mele v. Hill Health Ctr.,*
    No. 3:06-cv-00455, 2008 WL 160226 (D. Conn. Jan. 8, 2008) .......................9, 10

*Mixon v. CareSouth Carolina*,
    No. 4:22-cv-00269, 2022 WL 1810615 (D.S.C. June 2, 2022) ........................................11, 12

*Moms Against Mercury v. FDA*,
    483 F.3d 824 (D.C. Cir. 2007) .................................................................................................13

*Moretti v. Letty Owings Ctr.*,
    3:21-cv-1525, 2023 WL 6216279 (D. Or. Sep. 25, 2023) .......................................................11

*Pinzon v. Mendocino Coast Clinics Inc.*,
    No. 14-cv-05504, 2015 WL 4967527 (N.D. Cal. Aug. 20, 2015) ..............................................9

*Schmidt v. U.S. Capitol Police Bd.*,
    826 F.Supp.2d 59 (D.D.C. 2011) ............................................................................................13

*Smith v. Harbison*,
    446 F.Supp.3d 1331 (M.D. Ga. 2020) .....................................................................................11

*Trap v. United States*,
    No. CV-13-00003, 2016 WL 6609212 (C.D. Cal. Mar. 7, 2016) ..............................................9

**Statutes**

28 U.S.C. § 1346(b) ........................................................................................................................6

42 U.S.C. § 233 ..................................................................................................................... *passim*

42 U.S.C. § 233(a) ................................................................................................................. *passim*

42 U.S.C. § 233(c) ........................................................................................................................12

42 U.S.C. § 233(g) ...........................................................................................................1, 3, 4, 7, 12

42 U.S.C. § 233(h) .................................................................................................................1, 3, 4

Emergency Health Personnel Act of 1970, Pub. L. No. 91-623, § 4, 84 Stat. 1868
    (1970).........................................................................................................................................2

Federally Supported Health Centers Assistance Act of 1992, Pub. L. No. 102-501 .....................3

Federally Supported Health Centers Assistance Act of 1995, Pub. L. No. 104-73 .......................3

**Other Authorities**

116 Cong. Rec. 42,543 (1970) .......................................................................................................2

141 Cong. Rec. H14276 (statement of Rep. Wyden) ....................................................................2

Fed. R. Civ. P. 12(b)(1)................................................................................................................13

Fed. R. Civ. P. 12(h)(3)................................................................................................................14

H.R. Rep. No. 1662, *reprinted in* 1970 U.S.C.C.A.N. 5775 (1970)...............................................2

## INTRODUCTION

Through their Third Party Complaint, the District of Columbia and its employee Thomas Faust (collectively, "the District") seek to recover damages from Unity Health Care, Inc. ("Unity") as a result of Unity's allegedly negligent provision of mental health services to one of its patients, Giovanni Love. *See* Third Party Compl. ¶¶ 4–5, 7, 13–15, ECF No. 46. It is undisputed that Unity, as a deemed Public Health Service employee, has absolute immunity for any "action or proceeding" arising out of its performance of medical and related functions in the scope of its deemed federal employment, including the behavioral health services it provided to Mr. Love. *See* 42 U.S.C. § 233(a), (g), and (h); Notice of Substitution of the United States, Ex. 1 (Certification), ECF No. 38-1 (certifying that Unity's medical services at issue in this case fall within the scope of its deemed PHS employment); Def. United States' Mem. of P. & A. in Supp. of Mot. to Dismiss ("U.S. Dismissal Br.") at 2, ECF No. 42-1 ("By operation of law, Unity Healthcare is statutorily immune from suit in this case . . ."). The District's claim against Unity (Count II of the Third Party Complaint) is such a claim—*i.e.*, it is derived from Unity's covered conduct within the meaning of 42 U.S.C. § 233(a). This Court should order the substitution of the United States in place of Unity or, in the alternative, dismiss Count II of the Third Party Complaint.

## BACKGROUND

A. <u>Health Center Immunity</u>

The absolute immunity Unity applied for and received—for all sites and personnel—is set forth in a single statutory provision that broadly protects it from *any* action or proceeding resulting from the medical and related functions it performs in furtherance of its deemed federal employment—*i.e.*, its § 254b grant project. By encompassing any conceivable definition of

medical negligence or malpractice, § 233(a) easily achieves at least one objective expressed in its legislative history: eliminating uncertainty as to whether § 233(a) fully replaces the need for costly private professional malpractice insurance. *See Hui v. Castaneda*, 559 U.S. 799, 806 (2010). Section 233(a) immunity, as intended, facilitates the provision of medical services in underserved areas by broadly shielding both deemed and actual PHS personnel from the costs and burdens of civil actions arising out of their medical and related duties and, in turn, eliminating their need for costly professional malpractice insurance. *See* Pub. L. No. 91-623, § 2, 84 Stat. 1868 (1970); H.R. Rep. No. 1662, at 1, *reprinted in* 1970 U.S.C.C.A.N. 5775 (1970); 116 Cong. Rec. 42,543 (1970) (Rep. Staggers, House sponsor, observing PHS physicians "cannot afford to take out the customary liability insurance as most doctors do," "because of the low pay that so many of those who work in the [PHS] receive"); 141 Cong. Rec. H14276 (statement of Rep. Wyden) ("The bill allows [community health centers] to reallocate desperately needed health care dollars from the coffers of private medical malpractice insurance companies to direct services for hundreds of thousands more poor and rural Americans.").

Pursuant to the Emergency Health Personnel Act of 1970, *codified at* 42 U.S.C. § 233, Public Health Service personnel are immune from any civil action or proceeding arising out of their performance of medical, dental, surgical, or related functions within the scope of their employment. 42 U.S.C. § 233(a); Pub. L. No. 91-623, § 4, 84 Stat. 1868, 1870–71 (1970); *see Hui*, 559 U.S. at 806, 809. Section 233(a) affords the immunity at issue here. Congress provided in the Emergency Health Personnel Act that:

> The remedy against the United States provided by section 1346(b) and 2672 of title 28 . . . for damages for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee . . . whose act or omission gave rise to the claim.

2

42 U.S.C. § 233(a). With the 1992 passage and 1995 amendment of the Federally Supported

Health Centers Assistance Act ("FSHCAA"), Pub. L. Nos. 102-501 and 104-73, respectively,

Congress unequivocally extended to health centers and their personnel "the same" immunity

afforded to commissioned officers and employees of the PHS since the 1970s:

> The remedy against the United States for an entity described in paragraph (4) [a public or non-profit private entity receiving Federal funds under section 254b of this title] and any officer, governing board member, employee, or contractor . . . of such an entity who is deemed to be an employee of the Public Health Service pursuant to this paragraph *shall be exclusive* of any other civil action or proceeding *to the same extent as the remedy against the United States is exclusive pursuant to subsection [233](a)*.

42 U.S.C. § 233(g)(1)(A), (g)(4) (emphasis added); *see Agyin v. Razmzan*, 986 F.3d 168, 177 (2d

Cir. 2021) (concluding deemed PHS physician "received from the federal government a

delegation of the same legal immunity that is extended to employees of the Public Health

Service."); *Blumberger v. Tilley*, --- F.4th ---, 2024 WL 4113840, at *2 (9th Cir. Sep. 9, 2024)

("The immunity for deemed PHS employees is identical to the immunity for true PHS

employees.").

      The FSHCAA extends § 233(a)'s absolute immunity to certain federally-supported health

centers and their personnel—including not only medical providers, but also officers, directors,

and all employees (and certain contractors)—by authorizing HHS to "deem" them to be PHS

employees for purposes of § 233(a) immunity. 42 U.S.C. § 233(g)(1)(D)–(F), (h). Such deeming

is within the HHS Secretary's exclusive authority, and "[o]nce the Secretary makes a

determination that an entity . . . is deemed to be an employee of the [PHS] for purposes of [§

233], the determination [is] . . . final and binding upon the Secretary and the Attorney General

and other parties to any civil action or proceeding." 42 U.S.C. § 233(g)(1)(F). Both actual and

deemed PHS employees thus enjoy "absolute immunity . . . for actions arising out of the

performance of medical or related functions within the scope of their employment." *Hui*, 559 U.S. at 806. As the Supreme Court unanimously recognized, the immunity is absolute (also known as "suit immunity") because it affords not only a defense from ultimate liability but also freedom from the burdens of litigation, regardless of the asserted theory of liability or ultimate merits of the underlying action. *See Hui*, 559 U.S. at 806 (holding that the broad language of § 233(a) "easily accommodates both known and unknown causes of action.").

When assessing immunity in the context of claims against deemed health center defendants like Unity, federal courts follow the "ordinary rules of evidence and procedure." *Hui*, 559 U.S. at 811. Where appropriate, substitution of the United States vindicates deemed health centers' absolute immunity rights. *See Agyin*, 986 F.3d at 168; *Estate of Booker v. Greater Phila. Health Action, Inc.*, 10 F.Supp.3d 656, 670 (E.D. Pa. 2014) (ordering substitution in case removed to federal court); *C.K. v. United States*, No. 19-cv-2492, 2020 WL 6684921, at *3, *7 (S.D. Cal. Nov. 12, 2020) (ordering substitution in case originating in federal court).

### B.  The Instant Action and Plaintiff's Complaint

Unity is a federally-qualified health center that provides medical services to underserved communities at multiple locations in Washington, D.C. For calendar year 2022, the Secretary of HHS, pursuant to 42 U.S.C. § 233(g) and (h), has approved Unity's "deeming" applications. Ex. A (Notice of Deeming Action). As a result, Unity and its personnel are deemed to be Public Health Service employees for purposes of the immunity afforded by 42 U.S.C. § 233(a), which provides that "[t]he remedy against the United States provided by [the Federal Tort Claims Act] . . . for damage for personal injury . . . resulting from the performance of medical, surgical, dental, or related functions . . . by any [PHS employee] . . . *shall be exclusive* of any other civil action or proceeding by reason of the same subject-matter . . ." 42 U.S.C. § 233(a) (emphasis

added). Unity's federal employee status is reflected in and confirmed by Notices of Deeming Action from the Health Resources and Services Administration ("HRSA"), division of HHS authorized to oversee the health center program.

Pursuant to a contract with the District of Columbia, Unity provides health care services—including mental health services—to inmates in the D.C. Correctional Detention Facility and D.C. Correctional Treatment Facility (the "D.C. Jail"). *See* Third Party Compl. ¶¶ 4, 5. HRSA has approved Unity's services in the D.C. Jail as within the scope of Unity's federal grant project. *Cf.* Notice of Substitution of the United States, Ex. 1 (Certification) (certifying the medical services at issue in this case fall within the scope of Unity's deemed PHS employment).

On June 8, 2023, Plaintiff Dominique Watson, on behalf of herself and the Estate of Giovanni Love, filed her Complaint in this Court, alleging that employees of Unity and the District were negligent or reckless in providing mental care to Giovanni Love while he was incarcerated at the D.C. Jail from March to June 2022, and in failing to prevent Mr. Love's death by suicide. *E.g.*, Compl. ¶¶ 7, 36, 38–46, ECF No. 1; Third Party Complaint ¶ 7, ECF No. 46. The Third Party Complaint alleges that, to the extent District is found to be negligent with regard to Plaintiffs' allegations, the negligence of Unity and its employees is the in-fact and proximate cause of Plaintiffs' injuries. Third Party Compl. ¶¶ 10–15, ECF No. 56. Accordingly, the District seeks contribution from the United States and/or indemnification from Unity to the extent the District is found liable in this action. *Id.*

On November 22, 2023, the Chief of the Civil Division of the United States Attorney's Office for the District of Columbia (as the United States Attorney General's designee) certified that Unity "was acting as a deemed employee of the Public Health Service at the time of the" incidents alleged in Plaintiffs' Complaint. *See* Notice of Substitution of the United States, Ex. 1

(Certification), ECF No. 38-1. Accordingly, on November 23, the United States moved to substitute itself as a defendant in place of Unity with respect to all allegations in Plaintiff's Complaint—*i.e.*, with respect to Plaintiffs' allegations that Unity was medically negligent. Notice of Substitution of the United States, ECF No. 38; Third Party Compl. ¶ 8. No party challenged that certification or substitution.

On February 9, 2024, the United States and Plaintiff stipulated to dismissal of the case with respect to the United States (for the allegations initially brought against Unity). *See* Feb. 9, 2024 Min. Or. Granting Stipulation of Dismissal. Three months later, the District filed its Third Party Complaint. *See generally* Third Party Compl. On August 20, 2024, counsel for the United States informed Unity that it would not be seeking substitution in place of Unity with respect to the Third Party Complaint.

## ARGUMENT

Substitution of the United States for Unity as to the District's claim is not only proper but required by statute. Where a deemed health center was acting within the scope of its employment when the alleged acts or omissions occurred, and those acts or omissions occurred in the performance of "medical . . . or related functions," a party's exclusive remedy—"for any . . . civil action or proceeding by reason of the same subject-matter"—is a claim against the United States under the FTCA. 28 U.S.C. § 1346(b); 42 U.S.C. § 233(a) (remedy "shall be exclusive of *any other civil action or proceeding by reason of the same subject-matter* against the officer or employee . . . whose act or omission gave rise to the claim") (emphasis added).

Here, each fundamental element of Unity's absolute immunity is satisfied: (1) it was deemed to be a PHS employee for the period in which the events giving rise to this action occurred, and (2) this action "resulted from" Unity's "performance of medical . . . or related

functions" (covered conduct) within the scope of its employment as a deemed PHS employee. 42 U.S.C. § 233(a), (g); Ex. A (Notice of Deeming Action). Further, although "there is no reason to think that scope certification by the Attorney General is a prerequisite to immunity under § 233(a)," *Hui*, 559 U.S. at 806, the Attorney General *has* certified that Unity "was acting as a deemed employee of the Public Health Service" with respect to subject-matter of this case. Notice of Substitution of the United States, Ex. 1 (Certification), ECF No. 38-1. The District may not circumvent Unity's immunity for that subject-matter by pleading a contractual cause of action.

## I.     There Is No Dispute All Of Unity's Conduct At Issue Falls Within FSHCAA's Coverage

The Complaint and Third Party Complaint allege that Unity's involvement in this case arises from its provision of health care to Mr. Love. Third Party Compl. ¶ 4 ("Third Party Defendant Unity is a corporation providing mental health services to inmates of [the D.C. Jail] under a contract with . . . District of Columbia"); *id.* ¶ 5 ("Employees of Unity Healthcare provide mental health services to inmates of [the D.C. Jail]."); Compl. ¶ 7 ("Defendant Unity Healthcare, Inc. is an outside vendor contracted by the District to provide medical health care services to inmates in DCDOC facilities."); *id.* ¶ 43 (". . . defendants District of Columbia, Unity Health, and Faust failed to ensure that mentally ill detainees in the Jail like Mr. Love in [*sic*] received adequate care and protection to prevent them from committing suicide.").

Section 233(a) immunity covers precisely the conduct at issue here. The Third Party Complaint alleges that Unity was negligent in providing healthcare to Mr. Love. Third Party Complaint ¶¶ 7, 14. Unity's § 233(a) immunity covers its "performance of medical . . . and related functions"—*i.e.*, its provision of mental health services to Mr. Love. *See* 42 U.S.C. § 233(a). Moreover, the Attorney General (through his designee) has already certified that Unity

7

was acting within the scope of its deemed PHS employment—and is thus immune under §

233(a)—for purposes of all conduct at issue in Plaintiff's Complaint. Notice of Substitution of

the United States, Ex. 1 (Certification); U.S. Dismissal Br. at 2 ("By operation of law, Unity

Healthcare is statutorily immune from suit in this case . . ."). Because the Third Party Complaint

does not allege that Unity engaged in any conduct other than that alleged in Plaintiff's

Complaint, and likewise alleges that Unity was responsible for providing mental health services

to Mr. Love, the Third Party Complaint concerns that same (covered) conduct. *See* Third Party

Complaint ¶¶ 4, 5.

## II.   Unity Is Immune From Any Civil Action Or Proceeding Arising Out Of Its Performance Of Medical Functions

Unity's immunity with respect to the conduct at issue does not disappear merely because

the District is pursuing a *contract* claim, rather than a tort claim, for Unity's alleged medical

negligence. Section 233's "broad" and "comprehensive" language "easily accommodates both

known and unknown causes of action." *Hui*, 559 U.S. at 806, 810. Immunity is contingent on a

deemed defendant's alleged *conduct*, not on a plaintiff's chosen cause of action. *See* 42 U.S.C. §

233(a) (providing remedy shall be exclusive of "*any other* civil action or proceeding *by reason of*

*the same subject-matter* . . .") (emphasis added); *Hui*, 559 U.S. at 806 (providing the PHS

employees 'possess[] 'absolute immunity . . . *for actions arising out of the performance of*

*medical or related functions* within the scope of their employment'" and that immunity "bar[s]

all actions against them for such conduct.").

It is clear that courts have no difficulty applying § 233(a) immunity to a variety of claims,

so long as those claims (as here) arise from the defendant's performance of medical and related

functions. A plaintiff (or here, third party plaintiff) cannot nullify immunity for covered conduct

by artful pleading. As the Ninth Circuit has recognized, the scope of the immunity also does not

change when a third party brings claims arising out of services provided to a health center patient. In *Friedenberg v. Lane County*, a deemed health center provided psychiatric and mental health services as part of a Jail Diversion Program for mentally ill persons convicted of crimes. 68 F.4th 1113, 1119 (9th Cir. 2023). In November 2015, a patient participating in the Jail Diversion Program experienced a psychotic breakdown—which resulting in him violently killing and injuring several people. *Id.* Plaintiffs sued the health center and its employees for negligence and wrongful death based on allegations that the patient had failed to comply with his court-ordered treatment plan and the health center had failed to report those probation violations to the court. *Id.* Plaintiffs argued (and the district court held) that § 233(a) did not apply to the claims because the plaintiffs were not patients of the health center. *See id.* at 1125. The Ninth Circuit reversed, holding that the health center and its employees possessed absolute immunity from the claims because "§ 233 immunity does not turn on who brings the claim, but rather whether the conduct giving rise to the claim arose out of the Defendants' performance of 'medical, surgical, dental or related functions.'" *Id.* at 1125–26 (citing 42 U.S.C. § 233(a)). Because the claims were "*derived* from providing services to subjects of the healthcare provider, the deemed PHS employee[s] [were] immune from suit." *Id.* at 1127 (emphasis in original); *see Hui*, 559 U.S. at 806 (applying § 233 immunity to constitutional tort claim where plaintiff alleged defendants provided inadequate medical treatment); *Pinzon v. Mendocino Coast Clinics Inc.*, No. 14-cv-05504, 2015 WL 4967527, at *3 (N.D. Cal. Aug. 20, 2015) (alleged violations of civil rights law through racial discrimination in dental treatment); *C.K. v. United States*, No. 19-cv-2492, 2020 WL 6684921, at *5–6 (S.D. Cal. Nov. 12, 2020) (alleged violation of civil rights and conspiracy to violate civil rights); *Trap v. United States*, No. CV-13-00003, 2016 WL 6609212 at *4 (C.D. Cal. Mar. 7, 2016) (First Amendment retaliation claim asserted against PHS employee); *Mele v.*

*Hill Health Ctr.*, No. 3:06-cv-00455, 2008 WL 160226, at *3 (D. Conn. Jan. 8, 2008) (to the extent that the claims arose from defendants' performance of medical and related functions, immunity for claims brought pursuant to the Eighth and Fourteenth Amendments, Americans with Disabilities Act, the Rehabilitation Act, and various patient confidentiality laws).

As in *Friedenberg*, the Third Party Complaint's allegations against Unity are derived from Unity's medical services to Mr. Love. As explained *supra*, the only conduct at issue is Unity's provision of mental health services. Indeed, the Third Party Complaint is clear that any right to indemnification must arise out of Unity's provision of such services, rather than any separate conduct. As the Third Party Complaint alleges, Unity "provid[es] mental health services to inmates of [the D.C. Jail] *under a contract* with" the District. Third Party Compl. ¶¶ 4 (emphasis added); *see also id.* ¶ 5 ("Employees of Unity Health provide mental health services to inmates"). The Third Party Complaint then alleges that "[u]nder the contract between [the District and Unity]"—*i.e.*, the contract for Unity to provide health services to inmates, such as Mr. Love—"Unity Healthcare shall indemnify the District of Columbia against all claims and liabilities . . . arising out of or in connection with the performance of Unity Healthcare under the contract." *Id.* ¶ 15. Accordingly, Unity's obligation to indemnify the District in this case could only arise out of its performance of mental health services to Mr. Love—*i.e.*, Unity's performance under the contract.

Plaintiff's claims regarding Unity's conduct—which the United States has already certified as falling within § 233(a)—must proceed, if at all, against the United States. Nothing in § 233 suggests that a party can effectively launder claims to wash away Unity's absolute immunity simply by presenting a different cause of action regarding the same subject-matter.

**III.     Substitution Of The United States Provides The Appropriate Mechanism To Effectuate Unity's § 233(a) Immunity**

Because Unity is immune from the District's claims, this Court should order that the United States be substituted as the party defendant with respect to Count II of the Third Party Complaint. This Court's authority to order substitution of the United States in place of Unity, to vindicate Unity's immunity, is inherent in its authority to adjudicate the claims and federal defenses presented. It is evident from the statutory text and well-established by numerous federal courts—including the Supreme Court—that 42 U.S.C. § 233(a), (c), and (g) authorize the relief sought. *See, e.g., Hui*, 559 U.S. at 811 ("the procedure authorized by § 2679(d) is not necessary to effect substitution of the United States"). As multiple courts have noted, "the lack of a specific mechanism for substitution in § 233 does not prohibit the Court from ordering substitution as an exercise of its limited jurisdictional authority." *Kezer v. Penobscot Cmty. Health Ctr.*, No. 1:15-cv-00225, 2019 BL 141566, at *6–7 (D. Me. Mar. 21, 2019); *C.K. v. United States*, 2020 WL 6684921, at *4 (citing *Kezer* and ordering substitution of United States over its objection); *Moretti v. Letty Owings Ctr.*, 3:21-cv-1525, 2023 WL 6216279, at *5 (D. Or. Sep. 25, 2023) (collecting cases). As the Third Circuit aptly noted in a case involving one of § 233's removal provisions, "[f]or section § 233(*l*)(2) to have any effect, a district court must at least have jurisdiction to substitute the United States when it is appropriate to do so." *Estate of Campbell ex rel. Campbell v. S. Jersey Med. Ctr.*, 732 F. Appx. 112, 116–17 (3d Cir. 2018).

Further demonstrating that substitution is the proper mechanism to effectuate § 233 immunity, federal courts have *ordered* deemed defendants to *move for substitution* following denial of a government motion to dismiss and/or remand to state court. *See, e.g., Smith v. Harbison*, 446 F.Supp.3d 1331, 1339 (M.D. Ga. 2020) (ordering deemed defendant to submit motion to substitute following denial of government's dismissal motion; *Mixon v. CareSouth*

11

*Carolina*, No. 4:22-cv-00269, 2022 WL 1810615, at *2 n.3 (D.S.C. June 2, 2022); *see also*

*Kezer*, 2019 BL 141566, at *3 (requesting briefing on scope of § 233(*l*)(2) hearing). Likewise,

substitution is appropriate and necessary here in light of Unity's absolute immunity.

## IV.   Even If The Court Does Not Order Substitution, It Must Dismiss Count II Of The Third Party Complaint

Unity is immune from the District's claims because Unity (1) was a deemed PHS

employee for the period during which the acts or omissions at issue occurred and (2) the only

conduct at issue, Unity's role in providing mental health services to Mr. Love, falls within the

scope of Unity's deemed PHS employment. *See supra*, Argument sections I and II. The Attorney

General certified that Unity "is statutorily immune from suit" with respect to the subject-matter

of this litigation. *See* U.S. Dismissal Br. at 2; *id.* at 3 (acknowledging certification). No party has

challenged that certification. Indeed, the Third Party Complaint alleges that "the Public Health

Service . . . is a statutory employer . . . of Unity Healthcare." [1] Third Party Compl. ¶ 5; *see id.* ¶

8.

Because the remedy against the United States under the FTCA—resulting from Unity's

covered conduct—is "exclusive of any other civil action or proceeding," 42 U.S.C. § 233(a), the

Court lacks subject-matter jurisdiction over Count II of the District's Third Party Complaint. *See*

*Ford v. Mitchell*, 890 F.Supp.2d 24, 34–35 (D.D.C. 2012) (finding that the Court lacked subject-

matter jurisdiction over § 1983 and *Bivens* claims where qualified immunity applied); *see also*

*Klayman v. Porter*, No. 22-953, 2023 WL 2496738, at *6, *8 (D.D.C. Mar. 14, 2023) (holding

that defendants' absolute immunity as quasi-judicial officers "preclude[d] the Court from

---

[1] Although the Third Party Complaint cites 42 U.S.C. § 233*(c)*, Unity's deemed PHS
employment arises from 42 U.S.C. § 233(g) and (h). Subsection (c) refers to the Attorney
General's certification that a PHS employee-defendant "was acting in the scope of his
employment at the time of the incident out of which the suit arose." 42 U.S.C. § 233(c).

exercising subject-matter jurisdiction"); *but see Krandle v. Refuah Health Ctr., Inc.*, No. 22-CV-4977, 2024 WL 1075359, at \*2, \*13 (S.D.N.Y. Mar. 12, 2024) (construing deemed health center's motion to substitute as a motion to substitute and to dismiss pursuant to Fed. R. Civ. P. *12(b)(6)*, and granting that motion).[2]

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *accord Beethoven.com LLC v. Librarian of Cong.*, 394 F.3d 939, 945 (D.C. Cir. 2005). Accordingly, if a court determines at any time that it lacks subject-matter jurisdiction over an action, it must dismiss that action. *See* Fed. R. Civ. P. 12(h)(3).

In considering a Rule 12(b)(1) motion, the Court must closely scrutinize plaintiff's allegations because the motion concerns the Court's ability to hear a particular claim. *See Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003). The plaintiff bears the burden of demonstrating that the Court has jurisdiction. *Moms Against Mercury v. FDA,* 483 F.3d 824, 828 (D.C. Cir. 2007). The Court must "accept as true all of the factual allegations contained in the complaint" and apply all reasonable inferences in favor of the non-moving party. *Schmidt v. U.S. Capitol Police Bd.*, 826 F.Supp.2d 59, 65 (D.D.C. 2011) (quoting *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008)). However, the Court is not required to accept either legal conclusions cast as factual allegations or inferences that are unsupported by the facts. *Id.* Additionally, the Court may consider materials outside the pleadings as appropriate to determine whether it has jurisdiction. *Id.*; *Hasse v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

---

[2] If the Court is inclined to construe this Motion as a Rule 12(b)(6) motion instead, the Third Party Complaint also supplies all facts necessary to grant that motion—*i.e.*, Unity provided mental health services to Mr. Love within the scope of its deemed PHS employment, Third Party Compl. ¶¶ 5, 8, the United States certified as much and move for substitution with respect to that subject-matter, *id.* ¶ 8, and Count II arises out of the same subject-matter, *id.* ¶¶ 13–15.

Consequently, it is clear that—if the Court does not substitute the United States in Unity's place—it should nevertheless dismiss Count II against Unity pursuant to Unity's § 233(a) immunity.

## CONCLUSION

For the foregoing reasons, this Court should substitute the United States in place of Unity as the sole Third Party Defendant or, in the alternative, dismiss Count II of Third Party Complaint.

Respectfully submitted,

Dated: September 20, 2024                    Feldesman Leifer LLP

                                             By: /s/ *Brendan M. Tyler*
                                             Brendan M. Tyler (D.C. Bar No. 1672867)
                                             Feldesman Leifer LLP
                                             1129 20th Street, N.W., 4th Floor
                                             Washington, DC 20036

                                             Phone: (202) 466-8960
                                             Fax: (202) 293-8103
                                             Email:  btyler@feldesman.com

                                             *Attorney for Unity Health Care, Inc.*

14