UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOMINIQUE WATSON, on behalf of herself and as putative personal representative of the Estate of Giovanni Love,<br><br>      Plaintiff,<br><br>  v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>      Defendants. | Civil Action No. 23-1670 (BAH)<br><br>Judge Beryl A. Howell |
| DISTRICT OF COLUMBIA,<br><br>      Third-Party Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA<br><br>and<br><br>UNITY HEALTHCARE, INC.,<br><br>      Third-Party Defendants. | |

**MEMORANDUM OPINION**

  As discussed at length in *Watson v. District of Columbia*, plaintiff Dominique Watson ("plaintiff"), in her individual capacity and as the putative personal representative of the Estate of Giovanni Love ("decedent"), initially brought this action against multiple defendants. *See* No. 23-cv-1670 (BAH), 2024 WL 3471262, at *1 (D.D.C. July 19, 2024). Only her claims for deliberate indifference based on failure to train, in violation of the Fifth Amendment, failure to accommodate in violation of the ADA and Rehabilitation Act, negligence, and wrongful death against the District of Columbia ("District"), however, remain after partial grant of the

1

defendants' motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). *See generally id.* While that motion was pending, the District lodged a two-count, third-party complaint against the United States of America ("United States") and Unity Healthcare, Inc. ("Unity"), a company that provides healthcare services to inmates housed in the D.C. Jail under a contract with the District. Third-Party Compl. ¶¶ 10-15, ECF No. 46. Count One seeks contribution from the United States because "in the event that [the District] is found to be negligent . . . the negligence of [the United States] . . . as statutory employer of [Unity], was the cause in fact and proximate cause of [decedent's] injuries." *Id.* ¶ 12. Count Two asserts contractual indemnity against Unity based on a clause in the contract between the District and Unity, which provides that Unity "shall indemnify [the District] against any and all claims and liabilities . . . arising out of or in connection with" Unity's performance under the contract, and, as alleged, "in the event that [the District] is found to be negligent . . . the negligence of [Unity's employees] was the cause in fact and proximate cause of [decedent's] injuries." *Id.* ¶¶ 14-15.

Unity seeks dismissal of Count Two in the third-party complaint for lack of subject matter jurisdiction, under Federal Rule of Civil Procedure 12(b)(1), or, alternatively, to substitute the United States in place of itself as the sole defendant. Third Party Def. Unity Mot. Subst. or to Dismiss ("Unity's Mot.") at 1, ECF No. 64. The District and the United States (collectively "the opposing parties") both oppose Unity's motion. *See* Def. District's Opp'n ("District's Opp'n"), ECF No. 70; Def. United States' Opp'n ("U.S. Opp'n"), ECF No. 72. For the reasons stated below, Unity's motion to dismiss is granted.

**I.  BACKGROUND**

The underlying facts were described previously in *Watson*, 2024 WL 3471262, at *2-3, and only those facts and procedural history relevant to the instant motion are summarized here.

2

The underlying action arises from the suicide of the decedent while he was incarcerated at the Central Detention Facility ("CDF"), which is operated by the District and the District's Department of Corrections ("DOC"). Compl. ¶¶ 12-36, ECF No. 1. On June 8, 2023, plaintiff sued (1) the District, which "operates and administers" both DOC and CDF, *id.* ¶ 4, (2) DOC Director Thomas Faust, *id.* ¶ 5, (3) Officer Akaie, a "guard at the Jail," *id.* ¶ 6, and (4) Unity, an "outside vendor" under contract with the District to "provide medical health care services to inmates in DCDOC facilities" and under whose care the decedent committed suicide, *id* ¶ 7. Since 2012, the United States Public Health Service ("PHS") has deemed Unity to be an employee under the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233(g), and the United States has certified that, at the time of the actions alleged in plaintiff's complaint, Unity was acting within the scope of its employment. *See* Notice of Substitution of the United States ("Not. Sub.") at 1, ECF No. 38.[1]

The contract between the District and Unity, pursuant to which Unity provided services to DOC at CDF, allegedly provides that Unity "shall indemnify [the District] against any and all claims and liabilities incurred as a result of any claims and judgments made by any person arising out of or in connection with the performance of Unity [] under the contract." Third-Party Compl. ¶ 15.

On November 23, 2023, in plaintiff's action, the United States substituted itself as a party defendant in place of Unity under the FSHCAA and the Public Health Service Act ("PHSA"), 42 U.S.C. § 233, *see* Not. Sub., which provides, as described in more detail *infra* Part III.A., Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, coverage to entities the government has

---

[1] PHS first deemed Unity to be an employee on January 1, 2012, with this status renewed each year since then and through calendar year 2025. *See* U.S. DEP'T OF HEALTH & HUM. SERVS., *Federal Tort Claims Act Search Tool*, https://data.hrsa.gov/tools//ftca-search-tool (displaying Unity Healthcare, Inc.'s deeming dates and grant number, H80CS00070).

3

deemed to be PHS employees, who are sued for damages resulting from performance of medical duties when acting within the scope of their employment. *See Jenkins v. Unity Health Care, Inc.*, No. 22-cv-175 (CKK), 2022 WL 1154671, at * 2 (D.D.C. Apr. 19, 2022) ([T]he Public Health Service Act . . . allows the government to substitute itself for employees of the Public Health Service who are sued in . . . civil actions if those defendants are Secretary of Health and Public Health Service employees, and the Attorney General has certified that those defendants were acting in the scope of their employment when they performed the acts which give rise to the suit." (citing 42 U.S.C. § 233(c), (g)(1)(A)).

After this substitution, plaintiff and the United States stipulated to dismissal of plaintiff's claims in early 2024, *see* Stipulation of Dismissal, ECF No. 44, Min. Order (Feb. 9, 2024). Plaintiff's claims against Officer Akaie were dismissed because plaintiff failed timely to serve her, *see Watson*, 2024 WL 3471262, at *1, n.1, and plaintiff's claims against Director Faust were dismissed for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6), *see id.* at 11, Order (July 19, 2024). This left the District as the sole defendant to answer for plaintiff's claims.

On May 10, 2024, the District filed a third-party complaint impleading, in Count One, the United States for contribution, and, in Count Two, Unity for contractual indemnification. *See* Third-Party Compl. at ¶¶ 10-15. Upon learning that the United States would not move to substitute itself in the third-party action, Unity moved to dismiss the indemnity claim for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), or in the alternative, to substitute the United States as the sole third-party defendant under Count Two. *See* Unity Mot. at 1.

4

## II.  LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute,'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "[F]orbidden . . . from acting beyond their authority," *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008) (brackets omitted), federal courts "have an affirmative obligation 'to consider whether the constitutional and statutory authority exist for [them] to hear each dispute,'" *James Madison Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 196 (D.C. Cir. 1992)).  Absent subject-matter jurisdiction, a case must be dismissed.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006); *see also* Fed. R. Civ. P. 12(h)(3).

When considering a motion to dismiss under Rule 12(b)(1), the court "assume[s] that the complaint states a valid legal claim," *Huron v. Cobert*, 809 F.3d 1274, 1278 (D.C. Cir. 2016) (citing *Info. Handling Servs., Inc. v. Def. Automated Printing Servs.*, 338 F.3d 1024, 1029 (D.C. Cir. 2003)), and must "accept the well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor," *Kareem v. Haspel*, 986 F.3d 859, 865 (D.C. Cir. 2021) (quoting *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015)).  In addition, to assure itself of its jurisdiction over a claim, "a court may consider materials outside the pleadings." *Jibril v. Mayorkas*, 101 F.4th 857, 866 (D.C. Cir. 2024) (brackets omitted) (quoting *Kareem*, 986 F.3d at 866 n.7).

## III.  DISCUSSION

The issue of Unity's immunity from suit is one of subject matter jurisdiction.  *See Hui v. Castaneda*, 559 U.S. 799, 808 (2010) (describing 42 U.S.C. § 233(a) as presenting the "question

5

[of] whether [the deemed PHS employee] [is] immune from suit for the alleged violations"); *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 512 (D.C. Cir. 2009) ("The extent of the waiver of sovereign immunity under the FTCA is coextensive with the district court's subject-matter jurisdiction to hear the case."); *Tri-State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003) (describing suit immunity under the FTCA as jurisdictional). Unity contends that the District's third-party indemnity claim "is derived from Unity's covered conduct within the meaning of 42 U.S.C. § 233(a)" and, as such, Unity enjoys "absolute immunity," requiring dismissal under Rule 12(b)(1) or an order substituting the United States as the sole defendant. Unity's Mem. Supp. Mot. Subst. or to Dismiss ("Unity's Mem.") at 1, ECF No. 64. The opposing parties counter with two arguments: (1) that the third-party indemnity claim is based on Unity's contract with the District, not Unity's provision of medical care to decedent, and thus, the District's action falls outside the scope of §233(a)'s protection, U.S. Opp'n, at 3-6; District's Opp'n at 4-8; and (2) immunizing Unity from the District's suit would be unfair and violate black-letter contract law, U.S. Opp'n at 6-9; District's Opp'n at 8-10.

As explained in more detail, Section 233 insulates Unity from "any and all civil proceedings" by "reason of the same subject-matter" that gave rise to plaintiff's action. 42 U.S.C. § 233(a). The third-party complaint's Count Two indemnification claim becomes operative only if the District is held liable for plaintiff's claims arising from Unity's provision of medical services within the scope of its employment and thereby arises from the "same subject-matter" at issue in plaintiff's action. Thus, this indemnification claim must be dismissed for lack of subject matter jurisdiction.[2]

---

[2] Granting Unity's motion for lack of subject matter jurisdiction obviates any need to determine whether the United States should be substituted in its place. *See* U.S. Opp'n at 9 ("[I]f this Court concludes that Section 233(a) provides Unity with immunity from contractual indemnity claims such as the one at issue here, the proper remedy is to dismiss Count II in the Third-Party Complaint against Unity."). As such, those arguments are not addressed.

A.  **Overview of Relevant Statutes.**

Two statutory regimes are relevant for resolution of the current motion.  First, the FTCA, 28 U.S.C. § 2671 *et seq.*, "authorizes district courts to hear suits for money damages against the United States 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . if a private person . . . would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'"  *Macharia v. United States*, 334 F.3d 61, 64-65 (D.C. Cir. 2003) (quoting 28 U.S.C. § 1346(b)(1)).  This provision effectuates a "waiver of sovereign immunity" in limited circumstances.  *Id.* at 65; *see also Brownback v. King*, 592 U.S. 209, 212-13 (2021) (describing the history and design of the FTCA's remedial scheme).

Second, the PHSA extends the FTCA to "officers and employees of the Public Health Service" to shield them from "personal liability for the negligent or wrongful act or omission while acting within the scope of their employment by providing that the United States may assume any such liability."  *El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health & Human Servs.*, 396 F.3d 1265, 1267 (D.C. Cir. 2005); *see* 42 U.S.C. § 233 (the PHSA); 28 U.S.C. §§ 1346(b), 2672–80 (the FTCA).  The FSHCAA, 42 U.S.C. § 233(g), applies this coverage to certain public and private non-profit entities, like Unity, "deemed to be [] employee[s] of the Public Health Service," *Gatlin v. Unity Healthcare*, No. 21-cv-432 (APM), 2022 WL 888179, at *1 (D.D.C. Mar. 25, 2022) (citing 42 U.S.C. § 233(g)(1)(A)).  Most relevant to resolve the instant controversy, the PHSA requires that "the remedy against the United States [provided by the FTCA] for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . .  by any . . . employee of the Public Health Service while acting within the scope of his . . . employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the

7

. . . employee . . . whose act or omission gave rise to the claim." 42 U.S.C. § 233(a). This statutory provision grants "absolute immunity to PHS . . . employees for actions arising out of the performance of medical or related functions within the scope of their employment." *Hui*, 559 U.S. at 806.

### B. The District's Indemnification Claim Falls Within Section 233(a)'s Grant of Immunity.

No party disputes that Unity is a certified PHS employee that was operating within its scope of employment when the actions as alleged in plaintiff's complaint occurred, *see* Unity's Mem. at 12, Third-Party Compl. ¶¶ 5-8, Not. Sub. at 1, and that the District's claim against Unity seeks indemnification "in the event any damages are assessed against [the District]" for Unity's "negligence" in the provision of medical services to decedent, *see* Third-Party Compl. ¶¶ 14-15, Unity's Mem. at 12, U.S. Opp'n at 3-5. The sole dispute is whether Section 233(a) immunizes Unity from the District's contractual indemnity claim. This is a novel issue, but basic tools of statutory construction confirm that the District's contractual indemnification claim against Unity falls within Section 233(a)'s ambit and must be dismissed for lack of subject matter jurisdiction.

#### 1. *Section 233 Precludes the District's Indemnification claim.*

Statutory interpretation "begins, as always, with the text of the statute." *Chao v. Day*, 436 F.3d 234, 235 (D.C. Cir. 2006) (citing *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002)). If the text of the statute is "plain and ambiguous," the "analysis ends with the text as well." *Id.* (citing *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)); *see also United States v. Villanueva-Sotelo*, 515 F.3d 1234, 1237 (D.C. Cir. 2008) ("We must first 'determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.' If it does, our inquiry ends and we apply the statute's plain language." (internal citation omitted) (quoting *Robinson*, 519 U.S. at 340 and citing *Sigmon Coal*, 534 U.S. at 450)).

8

The instant interpretive task does not arise on a blank canvas. In *Hui v. Castaneda*, the Supreme Court held that "the immunity provided by § 233(a) precludes *Bivens* actions against . . . PHS officers or employees for harms arising out of conduct described in that section." 559 U.S. at 812. The Court's reasoning "beg[a]n and end[ed] with the text of § 233(a)," *id.* at 805, starting with "[t]he breadth of the words 'exclusive' and 'any,'" *id.* at 806, used in this statutory provision to make clear that the scope of "[t]he remedy against the United States" under the FTCA is the "*exclusive*" remedy against PHS employees while acting with the scope of their employment no matter "*any* other civil action or proceeding by reason of the same subject-matter" against the employees whose conduct give rise to the claim, 42 U.S.C. § 233(a) (emphasis added). As the Court explained, "the provision's inclusive reference to all civil proceedings arising out of 'the same subject-matter'" limits recovery for "performance of medical or related functions within the scope of [PHS employee's] employment" "to suits against the United States" under the FTCA. *Hui*, 559 U.S. at 806. Consequently, "Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." *Id.* at 806.

While a third-party contract indemnification clause was not at issue in *Hui*, nothing in Section 233 excepts contract claims based on covered conduct from the phrase "any other civil action." To the contrary, the phrase "exclusive of any other civil action" is "broad" enough to "accommodate[] both known and unknown causes of action," *id.*, including third-party contract claims.[3]

---

[3] Notably, the opposing parties fail to discuss *Hui* and application of its holding for resolving the instant dispute. The United States cites *Hui* only as support for its arguments regarding substitution, which are not addressed here. U.S. Opp'n at 10-11.

"[W]here, as here, the words of a statute are unambiguous, the 'judicial inquiry is complete.'" *Babb v. Wilkie*, 589 U.S. 399, 413 (2020) (brackets omitted) (quoting *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 98 (2003)). Section 233(a) immunizes Unity from "all civil proceedings arising out of" its provision of medical care to decedent, and such civil proceedings include the District's third-party contract claim seeking to enforce a contract clause by which Unity agreed to indemnify the District for "any damages," Third-Party Compl. ¶ 15, arising out of conduct that is immunized under Section 233.

The opposing parties offer three reasons why the District's claim does not fall within the scope of scope of Section 233, but none are persuasive. First, the opposing parties argue that the "scope of 42 U.S.C. § 233 immunity" does not reach claims based on contract but only tort claims arising from Unity's conduct. District's Opp'n at 5, 7-8; U.S. Opp'n at 4-9. They concede that "misfeasance in the provision of healthcare" is covered by Section 233(a), District's Opp'n at 7, U.S. Opp'n at 4, but argue this is distinct from "misfeasance resulting in contract damages," District's Opp'n at 7, U.S. Opp'n at 5. At the outset, this argument fails to grapple with the broad statutory text in Section 233(a), which provides that the FTCA as the remedy "exclusive of any other civil action or proceeding by reason of the same subject matter." The term "civil action" encompasses "[a]n action wherein an issue is presented for trial formed by averments of complaint and denials of answer." BLACK'S LAW DICTIONARY 311-12 (4th ed. 1969); *see BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 184 (2004) ("[U]nless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning' at the time Congress enacted the statute." (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979))). If Congress intended for "civil action" to refer only to actions sounding in tort, the statute would have said as much, but instead the term used captures "[e]very action other than a

10

criminal action."  BLACK'S LAW DICTIONARY 312 (4th ed. 1969); *BedRoc*, 541 U.S. at 183 ("The preeminent canon of statutory interpretation requires us to 'presume that [the] legislature says in a statute what it means and means in a statute what it says there.'"  (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992))).

The opposing parties' argument, distinguishing a claim based on contract from one resulting from misfeasance in the provision of healthcare, simply finds no support in the text of Section 233, which provides that an FTCA claim against the United States is "exclusive of any other civil action or proceeding by reason of the same subject-matter," without any carve-out or exception for a third-party action for contractual indemnity, particularly when such third-party action stems from Unity's conduct otherwise concededly covered under Section 233. Furthermore, as the Supreme Court has held, and lower courts have observed, a party's chosen cause of action is not what determines whether Section 233(a) immunity is triggered because an action against the United States under the FTCA for claims "resulting from the performance of medical . . . functions" is "exclusive of any other civil action," 42 U.S.C. §233(a).  *See, e.g.*, *Hui*, 559 U.S. at 806 ("Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct."); *Friedenberg v. Lane County*, 68 F.4th 1113, 1127 (9th Cir. 2023) ("[T]he language [of §233(a)] illustrates that as long as a claim is *derived* from providing services to subjects of the healthcare provider, the deemed PHS employee is immune from suit."  (emphasis in original)).

In addition to lacking a textual hook, the opposing parties' argument is unpersuasive because their rationale would permit an end-run around Section 233.  Under the opposing parties' theory, deemed PHS employees would be amenable to suit for their performance of

medical functions anytime they entered a contract with a patient to provide medical care, since any injury sustained through treatment could be repackaged as a breach of a contract claim that the patient was deprived of the benefit of their bargain.  The statute forecloses that possibility, requiring that an FTCA suit against the United States for personal injury arising from medical or related functions or based on that same subject-matter is exclusive of any other civil action or proceeding that gave rise to the claim for personal injury.

The District's reliance on *Kelley v. Richford Health Center, Inc.,* 115 F.4th 132 (2d Cir. 2024), for support of its narrow reading of Section 233 as limited to medical misfeasance is misplaced.  There, the Second Circuit addressed a medical malpractice cause of action where an employee of a deemed PHS facility provided medical services to a person who was not the deemed facility's patient.  *Id.* at 139-41.  The court was tasked with interpreting Section 233(g), which limits a deemed entity's immunity "only to services provided to 'all patients of the [federally qualified health center], and . . . subject to [several conditions], to individuals who are not patients of the entity.'"  *Id.* at 136 (alterations in original) (quoting 42 U.S.C. § 233(g)(1)(B)).  The court held that the individual treated was not a patient of the deemed entity, and as such, the employee's actions did not fall within Section 233(a)'s scope of immunity.  *See id.* at 134 ("Patients of a deemed entity's doctors are not necessarily patients of the entity itself.  Otherwise, the FSHCAA's distinction between coverage of services to *patients* on the one hand and coverage of services to *nonpatients* on the other would have no consequence." (emphasis in original)).  The District hones in on the Second Circuit's passing dicta that "the statute's protection covers *malpractice claims* that arise from a deemed health center's provision of medical services to patients."  District's Opp'n at 6 (emphasis in original) (quoting *Kelley*, 115 F.4th at 136 (citing 42 U.S.C. § 233(g)(1)(B)).  This language, however, fails to support the

12

District's position because the plaintiff indisputably brought a medical malpractice claim, so referring to "covers malpractice claims" did not resolve any question as to the scope Section 233(a). Regardless, *Kelley* is of little help because the Second Circuit neither interpreted Section 233(a) nor characterized this statutory provision as covering only medical malpractice torts.

Second, and relatedly, the opposing parties argue that the conduct at issue is not Unity's provision of healthcare but its decision to enter a contract with the District, and *that* decision is not a "related function" of healthcare, foreclosing a finding that Unity is immune from the District's suit. District's Opp'n at 6-8; *see also* U.S. Opp'n at 3-4 (making similar argument). This position falters based on the District's own third-party complaint, which makes plain that Unity's provision of medical care to decedent is the crux of the indemnity claim. The District has alleged that "the negligence of employees of [Unity] was the cause in fact and proximate cause of" decedent's injuries, Third-Party Compl. ¶ 14, which tracks the statute's language that Unity's alleged "act or omission" "resulting from the performance of medical . . . functions" forms the basis of plaintiff's cause of action, which, in turn, gives rise to the District's claim. Indeed, the District does not seek contract damages from Unity for any alleged breach of their agreement but seeks to enforce the indemnification clause in the contract to "'shift[] the entire loss from one tortfeasor who has been compelled to pay it to . . . another who should bear it instead." *Hinton v. Combined Sys., Inc.*, 105 F. Supp. 3d 16, 25 (D.D.C. 2015) (quoting *Eagle-Picher Indus. v. United States*, 937 F.2d 625, 635 (D.C. Cir. 1991)). This also makes clear that the third-party complaint is devoid of any actionable conduct untethered to the alleged conduct in plaintiff's complaint—conduct that the opposing parties agree falls within Section 233(a)'s ambit. Not. Sub. at 1; District's Opp'n at 1-3. Given the allegations asserted in the third-party complaint and the nature of the contract indemnification enforcement claim asserted, the

13

District's attempt to reframe Count Two as a mere contract claim distinct from the same subject matter as plaintiff's claim, fails.

The opposing parties rely on the Fourth Circuit's decision in *Ford v. Sandhills Medical Center*, 97 F.4th 252 (4th Cir. 2024), to argue that the Third-Party Complaint somehow arises from a different, rather than same, subject matter.  District's Opp'n at 6, 8; U.S. Opp'n at 3-5.  In *Ford*, the court interpreted the term "related functions" as used in Section 233(a) and determined that a deemed employee's failure to protect a patient's confidential information did not constitute a "related function" to "the performance of medical, surgical, dental" functions, with the result that the defendant could not claim immunity from suit under Section 233(a).  97 F.4th at 258-62.  As already addressed, however, the third-party complaint dispels any illusion that the District is seeking indemnification for damages resulting from anything other than Unity's performance of medical functions.  Accordingly, *Ford* does not undermine *Hui*'s unequivocal pronouncement that Section 233(a) "bar[s] all actions against" PHS employees "for actions arising out of the performance of medical . . . functions within the scope of their employment" by "limit[ing] recover for such conduct to suits against the United States," *Hui*, 559 U.S. at 806.

Finally, the opposing parties seize on errant language in *Ford* to argue that "[a] wider definition of '*related functions*' may improperly broaden §233(a) to encompass misfeasance that results in other types of damages, such as contract damages."  District's Opp'n at 6 (emphasis added) (quoting *Ford*, 97 F.4th at 260); *see also* U.S. Opp'n at 5 (making a similar argument).  The Fourth Circuit, however, like the Second Circuit in *Kelley*, was not interpreting the relevant language that governs disposition of this case and thus of little import to resolving the current dispute.  *Accord Am. First Legal Found. v. Becerra*, No. 24-cv-1092, 2024 WL 3741402, at *6

14

(D.D.C. Aug. 9, 2024) (describing a separate court's reasoning as unpersuasive dicta that could not overcome the plain meaning of the statute).[4]

\*\*\*

Section 233(a)'s text immunizes Unity from the District's third-party contract claim, which seeks indemnification for "any damages" resulting from Unity's performance of medical functions in providing care to decedent while operating within its employment as a deemed PHS employee, *see* Third-Party Compl. ¶¶ 13-15.  No reasonable reading of the statute contemplates otherwise.

### 2.  *The District's Equity Arguments.*

The District insists that reading the plain text of the statute to bar an indemnification claim against Unity "would . . . be inequitable," District's Opp'n at 8, and render its contract with Unity a "nullity," *id.*  Echoing these concerns, the United States submits that applying the statute's clear language would be unfair by leaving the District without a remedy on its contract claim.  U.S. Opp'n at 6-9.  As an initial matter, neither party provides authority that equitable concerns may overcome application of Section 233(a).  *Cf. INS v. Pangilinan*, 486 U.S. 875, 883 (1988) ("[C]ourts of equity can no more disregard statutory and constitutional requirements and provisions than can courts of law." (quoting *Hedges v. Dixon County*, 150 U.S. 182, 192 (1893))).  In any event, the purported fairness concerns highlighted by the opposing parties about the District possibly having to foot the bill for its contractor's alleged medical malfeasance are not particularly persuasive, either as a practical matter or in terms of equity.  Over the sixteen

---

[4] The United States additionally argues that Section 233(a) does not immunize Unity from the District's claim because deemed entities are cautioned in the Federal Tort Claims Act Health Center Policy Manual ("Policy Manual") that "FTCA coverage does not extend to indemnification of [] entities and organization [with which health centers contract]." U.S. Opp'n at 5, 5 n.1 (emphasis in original) (quoting POLICY MANUAL, U.S. DEP'T OF HEALTH & HUM. SERVS. HEALTH RES. & SERVS. ADMIN. 6 (2014)).  The Manual, however, cannot alter Section 233(a)'s explicit terms.  *See, e.g.*, *Agyin v. Razmzan*, 986 F.3d 168, 172 (2d Cir. 2021) ("To the extent the FTCA Manual provides otherwise, it is not entitled to deference.").

15

years of contractual privity between the District and Unity, the District has never sought indemnification from Unity for the latter's provision of medical services to incarcerated individuals, even though the District insists that it could have. Unity's Reply at 12-13, ECF No. 73. Furthermore, indemnification in this scenario could undermine the District's duty to vet thoroughly and then monitor closely the performance of private companies under contract with the District to provide critical health services to individuals detained in the custody and care of DOC, since these detained individuals have limited agency to seek alternatives to whatever level of care DOC provides. *See* MICAELA GELMAN, MISMANAGED CARE: EXPLORING THE COSTS AND BENEFITS OF PRIVATE VS. PUBLIC HEALTHCARE IN CORRECTIONAL FACILITIES, 95 NYU L. REV. 1386, 1400-01 (2020) ("Contractual protection from legal liability via insulation provisions," like indemnification, "incentivizes governments to renew contracts even when claims of abuse are well-publicized." (footnote omitted)). The United States' argument fares no better because the District does have a relevant, available remedy in the event that liability is imposed on plaintiff's claim and the District has, in fact, already asserted a claim for that remedy in Count One of the third-party complaint seeking contribution from the United States. Besides, "whether a remedy [is] available" is a "separate question [from] whether petitioners are immune from suit for the alleged violations." *Hui*, 559 U.S. at 808.

      Finally, the opposing parties' contract-nullification arguments do not accurately capture Unity's exposure to suit for indemnification. While the opposing parties' argument that the District's contractual right to indemnity in this case falls outside of the statute's ambit collapses in the face of the statute's plain text and binding Supreme Court precedent, Unity is not immune if the underlying claim upon which the District seeks indemnification is for claims that the statute does not immunize, including claims unrelated to Unity's medical or related functions or

if the United States decides that Unity acted outside the scope of its employment. Unity's Reply at 12. Thus, that Unity is immunized from suit for contractual indemnity when the claim turns on whether Unity engaged in covered conduct prescribed by Section 233(a) does not mean that the contract between Unity and the District lacks any force or effect.

## IV. CONCLUSION

For the foregoing reasons, Unity's motion to dismiss for lack of subject matter jurisdiction is granted.

An Order consistent with this Memorandum Opinion will be entered contemporaneously.

Date: January 6, 2025

_____
**BERYL A. HOWELL**
United States District Judge