**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DOMINIQUE WATSON on behalf of herself and as putative personal representative of the Estate of Giovanni Love,**<br>***Plaintiff,***<br>**v.**<br>**DISTRICT OF COLUMBIA, *et al.*,**<br>***Defendants.*** | **Civil Action No: 1:23-CV-01670-BAH** |
| **DISTRICT OF COLUMBIA,**<br>***Third-Party Plaintiff,***<br>**v.**<br>**UNITED STATES OF AMERICA,**<br>***Third-Party Defendant.*** | |

**AMENDED CONSENT MOTION TO**
**EXTEND THE SCHEDULING ORDER**

The District of Columbia (the District) filed a Partial Consent Motion to Extend the Scheduling Order (Motion to Extend) on October 23, 2023 seeking an extension of the fact discovery deadline from October 30, 2026 to December 4, 2026 for the limited purpose of completing depositions. [122]. Due to a miscommunication, Plaintiff counsel understood the Motion to Extend would extend the close of fact discovery generally, not for the limited purpose of completing depositions. The District files this amended motion to seek an extension of fact discovery to December 4, 2026 generally, without limiting the extension to depositions. Good cause supports this request. Plaintiff and the USA consent to this request.

## BACKGROUND

Plaintiff Dominique Watson (Watson) alleges, among other claims, the District and Unity Healthcare, Inc. (Unity) were negligent or reckless in providing mental health care to her husband, Giovanni Love, and in not preventing Mr. Love from committing suicide. According to Watson's complaint, the negligence or recklessness of the District and Unity caused Mr. Love to suffer personal injury, including his death. The United States of America (United States) substituted for Unity under the Federal Tort Claims Act. *See* Notice of Substitution [38]. The District filed a third-party complaint against Unity and the United States. *See* Third-Party Complaint [46]. Defendants and Third-Party Defendants deny all claims of liability and damages. Watson filed a Watson filed Plaintiff's Consolidated Complaint on April 21, 2026, consolidating this action with *Watson v. Unity Health Inc., et al.*, 1:24-cv-02281. [95]. Plaintiff filed a Second Amended Consolidated Complaint to October 20, 2026 adding Department of Corrections Officer Sunday Akanbi as a defendant to her Count I (42 U.S.C. § 1983) and Count IV (Negligence) claims. [120].

## LEGAL STANDARD

Fed. R. Civ. P. 6(b)(1) provides that:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . .

Similarly, a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 143 (D.D.C. 2013) ("[D]istrict court case law makes clear that once the court enters a scheduling order, that schedule can only be modified with the court's consent and with good cause shown.") (citing cases).

## ARGUMENT

This motion is filed before the close of fact discovery on October 30, 2026, and good cause supports this request. The parties have been coordinating diligently to complete written discovery and schedule depositions. On August 8, 2026 Watson filed an Unopposed Motion for Leave to Exceed Cap on Depositions. [110]. The motion was granted by Minute Order on August 7, 2026 allowing Watson to take an additional 12 depositions for a total of 22 depositions. To date, Watson has taken 14 depositions. The parties are coordinating dates for five remaining DOC fact witnesses, the District's 30(b)(6) witness, and Unity's 30(b)(6) witness. Additionally, the District is taking three depositions the week of October 26, 2026, including Watson's deposition. The testimony provided during depositions has prompted the need for additional written discovery. Providing an extension to December 4th will provide the parties time to complete all their fact discovery. No party will suffer prejudice by this extension, rather all parties will benefit from the extension.

This is the fifth request for extension of the scheduling order. The court set the original scheduling order by minute order on August 4, 2024. *See* 8/4/2024 Minute Order. Unity requested a 28-day extension of the scheduling order which was granted by minute order dated August 21, 2024. *See* 8/21/2024 Minute Order. Watson filed an Unopposed Motion for Extension of Time to Complete Discovery which the court granted on May 8, 2025. *See* Unopposed Mot. for Extension of Time to Complete Disc. [81]. The parties filed a Joint Motion to Extend the Scheduling Order on February 10, 2026 which the court granted on February 10, 2026. *See* 2/10/2026 Minute Order. The parties filed a Joint Motion for Extension of Time to Complete Discovery on June 4, 2026, which the court granted on June 5, 2026.

A proposed order is attached for the Court's consideration

**CONCLUSION**

For these reasons, the Court should grant the District's motion and extend the scheduling order to December 4, 2026.

Date: October 26, 2026

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Alan Burch*
ALAN BURCH [470655]
Chief, Section IV

*/s/ Kristin Willsey*
CHRISTOPHER PANTEL [483073]
KRISTIN M. WILLSEY [90026203]
TYLER GERSTEIN [1779890]
Assistant Attorneys General
Civil Litigation Division
400 6th Street NW
Washington, D.C. 20001
202-746-7693
christopher.pantel@dc.gov
kristin.willsey@dc.gov

*Counsel for the District of Columbia*

**LCvR 7(m) CERTIFICATION**

This certifies that Plaintiff Dominique Watson and the United States of America consent to the relief sought in this motion.

*/s/ Kristin Willsey*
KRISTIN WILLSEY
Assistant Attorney General